### 44890. PATTERSON v. THE STATE.

EVANS, Judge. The defendant was indicted, tried and convicted on four counts of possessing forged or altered checks, the same being a felony under *Code Ann.* § 26-3911. He received consecutive sentences thereon totaling 13 years. The appeal is from a denial of a motion for new trial as amended. *Held:*

1. Evidence which in any manner shows or tends to show that the accused has committed another crime separate and distinct from that for which he is on trial is generally irrelevant and inadmissible, unless there be shown some logical connec-

tion between the two from which it can be said that proof of the one tends to establish the other. See *Code* §§ 38-201, 38-202. *Barkley v. State,* 190 Ga. 641 (10 SE2d 32); *Allen v. State,* 201 Ga. 391, 394 (40 SE2d 144). The testimony by the owner of the business and the stolen checks which were altered and forged, that his place of business had been burglarized the night before the checks were located in the possession of the defendant logically connects the two crimes so as to authorize this testimony. Although the testimony does not show the defendant committed the crime of burglary, it explains why the checks were missing as well as other items stolen in the burglary and involved in the checkwriting, that is, typewriter, check protector and other checks, and shows the checks were illegally in the possession of the accused. The enumerated errors that the defendant's character was illegally placed in issue and that the court illegally allowed the testimony about the burglary are not meritorious. The case of *Bacon v. State,* 209 Ga. 261 (71 SE2d 615), cited by counsel for appellant where the facts did not show a logical connection between the two crimes, is not applicable here.

2. In answering a public indecency call the police officer who arrested the accused found the defendant illegally parked and his sobriety doubtful. He routinely asked him for identification whereupon the defendant displayed a female driver's license when he was obviously a male. The officer then asked him to show him the check for identification. He was then placed under arrest for suspicion and investigation. It cannot be said that there was an illegal arrest by the officer.

3. There was no illegal search and seizure by the police officer in obtaining the forged checks from the accused who gave him one upon request and then sought to hide the others under the seat of the police car when he was arrested. The enumeration of error claiming an illegal search and seizure is without merit.

4. Having considered every enumeration of error argued by counsel in this case, and finding no error, the judgment is

*Affirmed. Jordan, P. J., and Whitman, J., concur.*

SUBMITTED NOVEMBER 4, 1969—DECIDED JANUARY 29, 1970—
REHEARING DENIED FEBRUARY 11, 1970—

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight, Jack E. Mallard,* for appellee.