440 F.2d 787
 Oscar Lee PATTERSON, Jr., Petitioner-Appellant,
v.
Leroy STYNCHCOMBE, Sheriff of Fulton County, Respondent-Appellee.
No. 30941 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 March 25, 1971.
 
 Glenn Zell, Atlanta, Ga., for petitioner-appellant.
 Lewis R. Slaton, Dist. Atty., Atlanta Judicial Circuit, Tony H. Hight, Carter Goode, Atlanta, Ga., for respondent-appellee.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from the District Court's denial, without a hearing, of a writ of habeas corpus to a prisoner of the State of Georgia. We affirm.
 
 
 2
 Oscar Lee Patterson, Jr. was convicted upon trial by a jury on four counts of possession of forged checks, and received consecutive sentences totaling thirteen years. On appeal, he contended that the principal physical evidence in the case, the forged checks themselves, should have been suppressed on the ground that they were obtained pursuant to an unlawful arrest. The Georgia court of appeal rejected this contention and affirmed the conviction, Patterson v. State, 1970, 121 Ga.App. 159, 172 S.E.2d 873.
 
 
 3
 Patterson then petitioned for habeas corpus in Federal District Court. The District Judge reviewed the record of the State proceedings and held that Patterson had been lawfully arrested pursuant to Ga.Code Ann. 27-207 and 58-608. He noted that the record indicated that the checks, which Patterson was found attempting to stuff under the seat of the police car in which he was temporarily detained, were in the plain view of the arresting officer, and held that the valid arrest gave the officer the right to be in a position to have that view. See Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067 (1968); Ker v. State of Califoraia, 374 U.S. 23, 42-43, 83 S.Ct. 1623, 1634, 10 L.Ed.2d 726 (1963); Walker v. Beto, 5 Cir., 1971, 437 F.2d 1018. Consequently he denied relief without an evidentiary hearing.
 
 
 4
 We hold, with the District Court, that the appellant's allegations are conclusively refuted by the State records. See Kayton v. Wainwright, 5 Cir., 1968, 402 F.2d 471. Accordingly, the judgment appealed from is affirmed.