## 27311. WEST v. THE STATE.

MOBLEY, Chief Justice. The appellant was convicted of armed robbery on two counts in November, 1967, and sentenced to ten years on each count, to run consecutively. His extraordinary motion for new trial, as amended, was denied, and from that judgment he appeals. The basis of filing the extraordinary motion was that he "was denied assistance of counsel by not being notified of his right to an appeal."

1. The appellant alleges that error was committed when a line-up was conducted without counsel being present and without his being advised of his right to counsel, all in violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. The record is silent as to this issue. There is no evidence that he was not told of his right to counsel at the line-up, and none that he requested counsel. The appellant relies upon United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149), and Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178), where the Supreme Court of the United States held that the accused has a constitutional right to have counsel present at a line-up, and that failure to allow the accused this right violates the Sixth and Fourteenth Amendments of the United States Constitution. However, since those decisions, the United States Supreme Court, in Kirby v. Illinois, 40 Law Week 4607, decided June 7, 1972, held that the per se exclusionary rule in those cases does not apply to pre-indictment confrontations. In the opinion, Justice Stewart, speaking for the court, said: "In United States v. Wade, 388 U. S. 218, and Gilbert v. California, 388 U. S. 263, this Court held 'that a post-indictment pretrial lineup at which the accused is exhibited to identifying witnesses is a critical stage of the criminal prosecution; that police conduct of such a lineup without notice to and in the absence of his counsel denies the accused his Sixth [and Fourteenth] Amendment right to counsel and calls in

question the admissibility at the trial of the in-court identifications of the accused by witnesses who attended the lineup.' . . . In a line of constitutional cases in this court stemming back to the court's landmark opinion in Powell v. Alabama, 287 U. S. 45, it has been firmly established that a person's Sixth and Fourteenth Amendment right to counsel attaches *only at or after the time that adversary judicial proceedings have been initiated against him.* [Emphasis supplied.] . . . In this case we are asked to import into a routine police investigation an absolute constitutional guarantee historically and rationally applicable only after the onset of formal prosecutorial proceedings. We decline to do so."

The record in the present case discloses that the line-up occurred prior to any stage in the proceeding at which the appellant would be entitled to counsel under the ruling in Kirby v. Illinois, supra. The appellant was placed in the line-up on the same day he was arrested, October 6, 1967, was identified on that day by both victims of the robbery, and was not indicted until October 17, 1967. The case was in an investigatory stage at that time, and the ruling in Kirby v. Illinois would control. As to the line-up, the evidence clearly demonstrates that it was fair in every respect. Both victims identified the appellant without hesitation. This ground is without merit.

2. Enumerated error 2 alleges that the court committed error, when charging the jury, in referring to the appellant as "the prisoner." The sentence of the court's charge in which this reference occurred began: "In all criminal trials, the prisoner shall have the right to make to the court and jury such statement in the case as he may deem proper . . ."

*Code* § 59-806 provides that a juror may be put upon his voir dire, and provides for propounding the questions: (1) "Have you, from having seen the crime committed . . . formed . . . any opinion in regard to the guilt or innocence of the *prisoner* at the bar?" and (2) "Have you any prejudice . . . against the prisoner at the bar?" The use of

the word "prisoner" in questions propounded to the jury having been approved by statute would indicate that there is no error in referring in a charge to the defendant as "prisoner."

This court in *Lumpkin v. State,* 152 Ga. 229 (6) (109 SE 664), where the court in its charge referred to a "convict," held that when the language of the charge excepted to was considered in its context, it furnished no ground for reversal. Clearly the jury was not prejudiced against the appellant by the reference to him as a "prisoner" in the charge. There was no reversible error in giving the charge complained of.

3. Counsel not having argued, orally or by brief, enumerated error 3, it is considered abandoned. Supreme Court Rule 18 (c), 226 Ga. 905, 914.

*Judgment affirmed. All the Justices concur.*
SUBMITTED JULY 11, 1972—DECIDED SEPTEMBER 7, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton,* District Attorney, *Morris H. Rosenberg, Joel M. Feldman, Joseph J. Drolet, Arthur K. Bolton,* Attorney General, *Harold N. Hill, Jr.,* Executive Assistant Attorney General, *Courtney Wilder Stanton,* Assistant Attorney General, *Thomas W. Greene,* Deputy Assistant Attorney General, for appellee.