Virgil Gilbert **LAWSON**, Plaintiff-Appellant,

v.

W. J. **ESTELLE**, Director, Texas Department of Corrections, Defendant-Appellee.

No. 72–3629
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 23, 1973.

Rehearing Denied May 18, 1973.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**120**

Virgil Gilbert Lawson, pro se.

Crawford C. Martin, Atty. Gen., Guy C. Fisher, Asst. Atty. Gen., Austin, Tex., for defendant-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

The district court denied the petition of Lawson, a Texas state prisoner, for the writ of habeas corpus. We affirm.

Appellant was convicted upon trial by jury of burglary and recidivism, and was sentenced to life imprisonment. The conviction was affirmed on direct appeal, Lawson v. State, Tex.Cr.App. 1972, 482 S.W.2d 210. In his habeas petition filed in the court below, appellant contended that evidence was introduced at this trial which was the product of an illegal search and seizure. He alleged that he was arrested by officers who were at the scene to arrest others; that the police at that time had no knowledge of the crime for which appellant was subsequently convicted; that the evidence was taken from appellant's automobile without probable cause.

As the district court found, and as the trial transcript reveals, the facts are as follows:

Police, armed with a warrant, went to an apartment house to arrest a Judy Patterson. After arresting her and another woman on a narcotics charge and while still in the apartment, appellant and his codefendant, Norris, approached. One of the women yelled, "Police", and the two men fled, but were pursued and apprehended by police. During the chase appellant threw away a money sack from which money spilled. Meanwhile, an officer who had remained in the parking lot had observed appellant and Lawson park their automobile, open the trunk, and remove something. They left the lot, leaving the trunk open. The officer observed an open suitcase, tools and other items in the trunk. After appellant was arrested, the officers went to the auto and removed items including burglary tools and a screwdriver taken from the store appellant had burglarized.

■ Under the evidence, there was no illegal search and seizure and the evidence was admissible under the "plain view" doctrine, Harris v. United States, 1968, 390 U.S. 234, 88 S.Ct. 992, 19 L. Ed.2d 1067; Patterson v. Stynchcombe, 5 Cir., 1971, 440 F.2d 787; Walker v. Beto, 5 Cir., 1971, 437 F.2d 1018.

■ Appellant also contended that he was denied counsel to present oral argument on his pro se brief on direct appeal. The contention is utterly frivolous. The appellant was represented by court-appointed counsel on direct appeal who presented oral argument on appeal. On a motion for a rehearing, counsel waived oral argument. Appellant was not deprived of any constitutional right.

There being no clear error in the findings of the district court, the judgment below is

Affirmed.