## 28396. HICKS v. CALDWELL.

INGRAM, Justice. This is an appeal from judgment in a habeas corpus case. The trial court denied all relief as sought by appellant and as claimed as a result of an earlier conviction for rape in Laurens County, Georgia, with sentence of life imprisonment.

Appellant complains that evidence used against him in the trial for rape was obtained through an illegal search and seizure; that he was subjected to an illegal pre-trial lineup; that he was held incommunicado for seventeen days; that his appointed counsel was "reluctant to defend him"; and, that he was convicted because of racial prejudice.

The transcript of evidence of the trial proper was before the habeas corpus trial court and is part of the record on this appeal. The trial court found that appellant "voluntarily directed the investigating officers to his home, that petitioner then led one

officer into his home, and that petitioner voluntarily picked up certain clothing and shoes and handed those items to the investigating officer." The shoes and clothing were taken by the officer and later introduced in evidence at the trial. The evidence authorized the trial court to find that appellant voluntarily consented to this search and that it was not the product of duress or coercion. The taking of appellant's shoes and clothing by the officer for use as evidence was not error. Schneckloth v. Bustamonte, 412 U. S. 218 (93 SC 2041, 36 LE 2d 854).

The transcript of the habeas corpus hearing shows that appellant was subjected to two lineups, at which he was not represented by counsel, subsequent to the issuance of a warrant for his arrest but prior to a commitment hearing at which he was represented by counsel. At the trial of the case, the State did not elicit testimony from the victim of the alleged rape as to her identification of the appellant at these investigatory lineups. Instead, the prosecution relied on the alleged victim's positive identification of the appellant as the man who entered her bedroom and committed the rape upon her. The record shows that the in-court identification of appellant was not based upon observation of appellant at the lineups but rather upon the victim's independent recollection of appellant as being the man who attacked her. Under these circumstances, it is unnecessary to decide whether these lineups occurred "at or after the beginning of adversary judicial proceedings," within the holding of Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411), requiring the presence of counsel. Appellant's contention that he was unlawfully denied the right to counsel at these two investigatory lineups held prior to the committal hearing, at which he was represented by counsel, is without merit. *Mitchell v. Smith,* 229 Ga. 781, 782 (194 SE2d 414). See, also, *West v. State,* 229 Ga. 427 (1) (192 SE2d 163).

The remaining issues raised by appellant in the trial court, to wit, that he was held incommunicado for seventeen days, that his appointed counsel was reluctant to defend him, and that his conviction was due to racial prejudice, are also without merit. As found by the habeas corpus trial court: "Concerning petitioner's allegation regarding incommunicado detention, [there is] no evidence that the alleged detention prejudiced (appellant) in any manner." We agree with this determination by the trial court. Appellant's claims that his appointed counsel was reluctant to defend him and that his conviction was due to

racial prejudice are not supported by the record. The trial transcript and the record of the habeas corpus hearing refute these contentions by appellant. Counsel appointed to represent appellant vigorously defended the case, including representation of appellant at the committal hearing and subsequent trial of two days. The habeas corpus trial court correctly found that appointed counsel rendered appellant "more than adequate assistance." At the habeas corpus hearing, appellant introduced no evidence to support his contention that his conviction was due to racial prejudice and we find nothing in the record of the trial or the hearing which would support this contention.

The trial court concluded that "none of the constitutional rights of the petitioner have been denied him and that he is now serving" a legal sentence. We agree.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 26, 1973 — DECIDED JANUARY 9, 1974.

Richard S. Hicks, *pro se.*

*Arthur K. Bolton, Attorney General,* for appellee.