## 28709. COLLIER v. THE STATE.

Submitted March 12, 1974 — Decided May 21, 1974.

*Nicholson, Fleming & Blanchard, John Fleming,* for appellant.

*Richard E. Allen, District Attorney, Arthur K. Bolton, Attorney General, William F. Bartee, Jr., Assistant Attorney General, G. Stephen Parker, Deputy Assistant Attorney General,* for appellee.

Grice, Chief Justice.

Alex Collier appeals from his conviction in the Superior Court of Richmond County for the offenses of armed robbery, aggravated assault with a pistol and aggravated assault with intent to commit rape, and the sentences imposed of 20, 5 and 5 years, to be served concurrently. He also appeals from the denial of his motion for new trial, as amended.

The victim of the armed robbery and assaults was working in a Majik Market in Richmond County on Labor Day, 1972. A man, whom she identified as the appellant,

came into the store and inquired if she could sell beer on Labor Day. She replied that she could, and he bought a bottle of beer.

Several days later the same man, accompanied by another man, came to the store, forced her, by the display of a gun, to open the safe, which he emptied. He then forced her to open the cash register, and the other man took the money from the register. The man identified as the appellant thereafter forced her to go to the back room, commanded her to lie down, and used a word indicating that he would perform unnatural sex acts. The victim told him, "Kill me first, I'd rather be dead." He again told her to lie down, and she refused. Whereupon, he struck her, breaking her glasses, and causing her to lose consciousness. When she regained consciousness she discovered that she had a gunshot wound in her shoulder. She was able to get to the Le Mans Apartments, nearby, and the man who came to the door called the police and an ambulance. She was taken to a hospital, where she was treated for her injuries.

■ The victim positively identified the appellant as the man who robbed and injured her, and there was ample evidence to authorize the verdict of guilty of the crimes charged.

■ The appellant contends that the court erred "in allowing the district attorney to refer to the appellant as 'prisoner at the bar,' and in failing to admonish the jury to disregard such reference."

The record shows that this language was used in the voir dire questions to prospective jurors. The attorney for the appellant objected to the reference to him as the "prisoner at the bar."

Code § 59-806 states the exact questions which are to be propounded to prospective jurors in felony cases, and in the first two of these questions the accused on trial is referred to as the "prisoner at the bar."

There was no error in using the language specified by Code § 59-806 in questioning prospective jurors. Compare *West v. State,* 229 Ga. 427 (2) (192 SE2d 163).

■ The appellant asserts that the court erred in failing to grant his motion for mistrial because of "inflammatory and prejudicial testimony of J. H. Adair,

a witness for the state, who attempted to introduce appellant's character in evidence."

This witness, a police investigator, was asked if the appellant worked at Hamburg, South Carolina. The witness replied: "At the time of his arrest, I didn't know that he was employed. I've never known Mr. Collier to be employed before, but he was . . ."

At this point the attorney for the appellant moved for a mistrial because the statement that the witness had never known appellant to be employed was prejudicial.

The trial judge addressed the district attorney as follows: "Mr. Flythe, the rule is, and let's get the rule straight, that you can't introduce any of the character of the defendant in a criminal case, until he puts his character in evidence first. Now that's the rule, and the defense hasn't put any evidence in at this time, that I've heard." After a brief colloquy between the judge and the district attorney, the judge stated further: "Well, I'm going to instruct the jury to disregard the remarks of the witness and I'll ask the witness not to inject anything in, with reference to the defendant's character. And I'm going to ask the district attorney not to ask any questions in reference to defendant's character. Because, if you do, I'm going to have to grant a mistrial, and I'd like to not have to try this case over again at a later date. All right, let's move along."

The testimony objected to was not responsive to the question asked by the the district attorney. The trial judge instructed the jury to disregard the testimony, and instructed the witness to refrain from injecting any testimony regarding the appellant's character.

The testimony was not of such prejudicial nature that the instructions of the trial judge could not eradicate its effect on the minds of the jurors, and there was no error in declining to grant a mistrial. *Young v. State,* 226 Ga. 553 (4) (176 SE2d 52); *Jones v. State,* 226 Ga. 747 (2) (177 SE2d 231).

■ It is contended by the appellant that the court erred in admitting into evidence "a hat not connected with appellant, which was irrelevant and immaterial and highly inflammatory and prejudicial."

The hat was found near the Le Mans apartments by

officers investigating the crimes. The only possible significance that the hat could have had to the jury was that other evidence showed that a sister of the appellant lived at the Le Mans Apartments.

The victim positively identified the hat as the one worn by the appellant, and its admission in evidence for any inference that might be drawn by the jury was not error.

*Judgment affirmed. All the Justices concur.*