28562. GODBEE v. THE STATE.

Ingram, Justice.

The appellant was denied a new trial following his conviction in the Superior Court of Richmond County for the offenses of rape, robbery and kidnapping. This appeal (from these convictions and sentences of life imprisonment for rape; 20 years imprisonment for robbery; and 20 years imprisonment for kidnapping) complains of several alleged errors in the combined trial for these offenses.

The summarized events of the case are as follows: On October 9, 1972, at approximately 10:45 p.m., a young,

female student in Augusta, departed the library of the school which she attended and walked to her parked car. As she was about to enter the automobile, an unidentified male grabbed her from behind and placed an object against her back which she was told was a gun. She screamed but, in view of the threats communicated to her, followed the assailant's order to get in the car. He forced her on the floor under the dashboard while he drove the young lady's car a short distance, then stopped to permit the appellant to get in the car. At appellant's direction, the other male drove them to an area in the direction of Waynesboro, where the car was stopped and the young lady was forced to shed all of her clothes. The appellant and the other male then proceeded to rape the victim. After completing the act of rape upon her, the appellant rifled through the young lady's purse, took money from her and forced her out of the car. Subsequently, the victim flagged a bus to Waynesboro where she reported these incidents to the police department and then went to a hospital where a smear was taken which showed the presence of motile sperm in the victim. During the occurrences of the evening, the young lady observed appellant at great length and also later recognized him from his voice characteristics at the trial. Appellant denied any complicity in the crimes and claimed he had never seen the victim before a pre-trial appearance in court. Other facts relating to the victim's encounter with, and identification of, appellant, as one of the two men who perpetrated the crimes against her, will be set forth in succeeding parts of this opinion discussing appellant's several enumerations of trial errors.

Appellant's first enumeration of error asserts the trial court erred in declining to give the following jury instruction requested by appellant: "There has been some evidence here that the sexual act alleged to have been committed hurt the prosecutrix and that she complained of the hurt. I charge you gentlemen that should you find that the act did hurt her and that she protested and resisted because of the pain and not otherwise you would not be authorized to convict the defendant of rape."

As seen, it is appellant's contention that the jury

should have been instructed that it could have found the victim's resistance was due only to the pain she experienced during the act of intercourse. This contention arises from testimony given by the victim at the trial that she suffered pain during the sexual act.

The victim's testimony that the act "was extremely painful" is not probative of appellant's hypothesis that her acts of resistance were due to her physical pain. The evidence shows without contradiction that the victim resisted continuously from the beginning and yielded against her will only because she was met by the threat of force during the criminal episode which engulfed her. It must be emphasized that during the trial of the case, there was no claim by appellant that the victim ever consented in any degree to these acts. The defense rested squarely on appellant's insistence that the victim had incorrectly identified him as one of her attackers and that he had absolutely nothing to do with these acts. The evidence from the trial clearly reveals that the threat and intimation of serious physical injury caused the victim to yield against her will. Cf. *Jackson v. State,* 230 Ga. 35 (195 SE2d 409) (1973). Since the evidence fails to support the requested charge, the trial judge correctly declined to give it in his instructions to the jury. See *Ward v. State,* 231 Ga. 484, 485 (202 SE2d 421) (1973); and *Smith v. State,* 228 Ga. 293 (1) (185 SE2d 381).

Two additional enumerations of error relate to the admission of evidence on behalf of the state during the course of the trial. These alleged errors grow out of the following factual situation: shortly after the date of the commission of the crimes, the appellant was taken into the custody of the Augusta Police Department and placed in a lineup with several other males. A polaroid photograph of the lineup was made and developed by a detective of the police department. The victim was not present at the lineup but was later shown the photograph of it. She tentatively identified appellant in the picture as one of the men who attacked her and so asked to view appellant in person. The victim subsequently identified appellant in person and at the trial the state introduced the photograph of the lineup and related testimony over appellant's objection. The record reveals that the

admission of the photograph and testimony concerning it were not error. There was testimony by the officer that he made and developed the picture and that it fairly and accurately depicted the lineup. Cf. *Hill v. State*, 201 Ga. 300 (6) (39 SE2d 675). Appellant contends that his Sixth Amendment right to counsel was violated when the lineup photograph was displayed to the victim as he did not have counsel present at the time when the victim identified him in the picture. There is no merit in this contention. *Morrison v. State*, 129 Ga. App. 558 (6) (200 SE2d 286). The presence of counsel at a lineup "at or after the beginning of adversary judicial proceedings" is required under Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411) (1972). However, in the present case, the record fails to show that at the time of the lineup and thereafter when the victim viewed the lineup photograph, the appellant had been formally charged with committing these crimes. Thus, we must conclude that the viewing of the picture and the preceding lineup took place during investigatory states of the case at a time when appellant was not required to have counsel present. See *Mitchell v. Smith*, 229 Ga. 781, 782 (194 SE2d 414) (1972); *West v. State*, 229 Ga. 427 (1) (192 SE2d 163) (1972); and, see also, *Hicks v. Caldwell*, 231 Ga. 575, 576 (203 SE2d 212) (1974). These enumerations of error are without merit.

Appellant also strenuously insists the trial court erred in refusing to grant a mistrial in the case because appellant's character was placed in issue over his objection during the trial. The victim attended a hearing in court prior to the trial at which the appellant and other men were brought into the courtroom with handcuffs on and at that hearing the victim identified appellant as one of the men who attacked her. Subsequently, at the trial of the case, the victim testified about her earlier observation of appellant in the courtroom, including in her testimony that appellant was wearing handcuffs as he was brought into the room. This testimony by the victim of her earlier observations was objected to as being so prejudicial to appellant that a mistrial should have been granted. It is apparent from the record this testimony was presented by the state to

show that there was a fair identification at the courthouse earlier when the victim identified appellant in person. When the circumstances surrounding this testimony are considered, the fact that the testimony may also have incidentally tended to place the appellant's character in issue is at most harmless error. See *Whippler v. State,* 218 Ga. 198 (3) (126 SE2d 744). And cf. *Patterson v. State,* 121 Ga. App. 159, 160 (172 SE2d 873) (1970). No reversible error has been shown by this enumeration.

The final enumeration of error urged in this appeal relates to a portion of the trial court's charge to the jury. The charge in question reads as follows: "You have been empaneled to try a most important issue. In fact, it is one of the most important issues that can be committed to a jury. It is one of vital importance to the accused because, with him, it is a question of life or imprisonment in the penitentiary for life. It is a question of no less importance to the public by its laws, to protect its citizens in the enjoyment of their lives, their liberty, their reputation, and their property. It is in return for this protection that the citizens owe obedience to the Government. The protection which the law provides for you and your family, even while you are asleep, can only be afforded to you by a rigid and impartial enforcement and vindication of the law."

Appellant contends that "this charge amounts to an unintentional expression of an opinion by the court that he thought the State had proved . . . (the appellant) guilty of rape." It is argued the trial court gave the jury no alternative "of freedom because of not guilty" and that the jury was precluded from so finding by this instruction. A reading of the entire charge of the trial court to the jury leads us to a different conclusion. Before giving the instruction complained of by appellant, the trial court charged the jury that: "In the trial of the case and in these instructions, the court does not mean to express or intimate any opinion that it may have as to the guilt or innocence of the defendant. These are questions for your sole, exclusive determination, uninfluenced by the court." Before concluding the charge to the jury, the trial court instructed the jurors as follows:

"Now, the first thing you do is to determine whether or not the defendant is not guilty or guilty. If you determine the defendant is not guilty write it out on the bill of indictment in the space provided, which I will mark with a red 'X,' and return it into court."

It is clear that when the charge of the trial court is considered in its entirety, the jury was explicitly informed that the determination of the guilt or innocence of the appellant was to be made by the jury and the court expressed no opinion about it. We find no error in this enumeration.

The convictions, and sentences therefor, in the Superior Court of Richmond County in this case must be affirmed, as we find no merit in any of the enumerations of error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 4, 1974 — DECIDED MAY 21, 1974.

*O. L. Collins,* for appellant.

*Richard E. Allen, District Attorney, Arthur K. Bolton, Attorney General, William F. Bartee, Jr., Assistant Attorney General, G. Stephen Parker, Deputy Assistant Attorney General,* for appellee.