## 49772. ARNOLD v. THE STATE.

BELL, Chief Judge.

The defendant was convicted of robbery by sudden snatching. Code Ann. § 26-1901. *Held:*

1. The admission of the testimony of a police officer as to his conversation with the victim of the robbery may have been error as the record fails to clearly show that it was admissible under Code § 38-302 to explain the officer's conduct, or as a part of the res gestae under Code § 38-305. However, the error was harmless as the victim testified without objection to the same facts that were contained in her statement to this police officer and made a positive identification of defendant. *Pitts v. State,* 226 Ga. 878 (178 SE2d 177); *Watkins v. State,* 231 Ga. 481 (202 SE2d 442).

2. The defendant in his motion for new trial raised for the first time an objection to the composition of the grand and petit juries. A defendant may not complain of the jury composition for the first time after conviction as he has waived the right to object. *Young v. State,* 232 Ga. 285 (206 SE2d 439).

3. The evidence of the state and that of defendant shows that either a robbery by sudden snatching or no crime at all was committed. Thus no error was made by the trial court in failing to charge the lesser offense of theft by taking. *Sheffield v. State,* 124 Ga. App. 295 (183 SE2d 525).

4. The evidence authorized the verdict of guilty of the crime charged.

5. At the sentencing phase of the trial, a prior conviction of the defendant for a felony, state's exhibit three, was admitted without objection. This exhibit failed to show either whether defendant had counsel or waived the assistance of counsel and this factor renders this prior conviction inadmissible. *Clenney v. State,* 229 Ga. 561 (192 SE2d 907). The receipt of this illegal evidence even in absence of an objection voids the sentence. *Hopper v. Thompson,* 232 Ga. 417 (207 SE2d 57). We, therefore, affirm the findings of guilty but reverse the judgment as to the sentence.

*Judgment reversed as to sentence with direction that a*

*new sentence hearing be held for a correct determination of the sentence. Quillian and Clark, JJ., concur.*

SUBMITTED OCTOBER 7, 1974 — DECIDED DECEMBER 4, 1974.

*Morgan & Sunderland, Thomas S. Sunderland,* for appellant.

*Bryant Huff, District Attorney, Gary Davis, Dawson Jackson, Richard Winegarden, Assistant District Attorneys,* for appellee.