## 50665. ARNOLD v. THE STATE.

BELL, Chief Judge.

In its initial appearance (133 Ga. App. 451 (211 SE2d 404)), we affirmed the conviction, but directed a new sentence hearing because evidence of a previous conviction failed to show that the defendant had counsel or had waived the assistance of counsel, which rendered the prior conviction inadmissible. A new sentence hearing was held and the case is again before us. *Held:*

1. Defendant enumerates that the trial court erred in denying his motion for a resentencing by a jury as provided by Code Ann. § 27-2534, the law applicable at the time of the offense. At the time of resentencing here, Code Ann. § 27-2503 was in effect which required sentencing by the trial judge. The issue is controlled adversely to the defendant by *Jones v. State,* 233 Ga. 662 (212 SE2d 832).

2. Defendant complains that since this court had determined in the prior appeal that admission in evidence

of a previous conviction was improper, the conviction cannot be used on resentencing; and to do so would violate the law of the case doctrine. Our initial opinion rejected consideration of the previous conviction because of a failure to show either the assistance or waiver of counsel. It did not hold that the prior conviction *ipso facto* was inadmissible. Nor did it bar curative efforts by the state at the resentencing hearing. The new evidence as to conviction reflects that the defendant had the assistance of counsel, which fact defendant admitted on cross examination. The evidence at the sentence rehearing not being the same as when this case was initially before us, the "law of the case" is not applicable. See *Herrington v. State,* 130 Ga. 307 (60 SE 572).

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED MAY 6, 1975 — DECIDED MAY 15, 1975.

*Morgan & Sunderland, Thomas S. Sunderland,* for appellant.

*Bryant Huff, District Attorney,* for appellee.