## 51821. LEACH v. THE STATE.

QUILLIAN, Judge.

The defendant was tried, convicted and sentenced for the crime of burglary. His motion for new trial was overruled and appeal to this court followed. *Held:*

1. During voir dire examination of prospective jurors, counsel for the defendant objected to district attorney's referring to the defendant as "the prisoner at the bar."

The Georgia Supreme Court has held that in view of Code § 59-806 using the very expression in question that it is not error on voir dire to refer to the accused as "the prisoner at the bar." *West v. State,* 229 Ga. 427 (2) (192 SE2d 163); *Collier v. State,* 232 Ga. 282, 283 (2) (206 SE2d 445).

2. The following portion of the charge is enumerated as error: "The defendant pleads not guilty, and that shifts the burden of proof to the State, as I have indicated previously."

Although this language might better have been omitted it was not harmful error in view of the full, complete and exhaustive instructions regarding the reasonable doubt doctrine which were expounded to the jury, both prior to and subsequent to the language in question. The jury was never left in doubt that the burden was on the state to prove the defendant's guilt.

3. The remaining enumeration of error as to whether on the sentence hearing the trial judge erred in considering an F. B. I. report to which no objection was interposed and the contents of which report were fully

discussed by the defendant reveals no basis for reversal. *Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED FEBRUARY 4, 1976 — DECIDED FEBRUARY 24, 1976 — REHEARING DENIED MARCH 16, 1976 —

*Moulton, Carriere, Cavan & Maloof, J. Wayne Moulton,* for appellant.

*Edward E. McGarity, District Attorney, Hal Craig, Assistant District Attorney,* for appellee.

ON MOTION FOR REHEARING.

The movant (appellant) contends the third division of the opinion is erroneous. The cases cited by movant, *Fowler v. State,* 132 Ga. App. 812 (209 SE2d 255) and *Arnold v. State,* 133 Ga. App. 451 (211 SE2d 404), point out that, under the prior bifurcated jury procedure, records of conviction were not admissible absent a showing that the accused was represented by counsel.

Here no records of conviction were offered or admitted into evidence. The trial judge, apparently referring to an F. B. I. "rap sheet," asked the accused various questions about his previous transgressions. The accused freely answered the questions, admitting he was convicted of burglary and sentenced to five years (three of which he served). It was also brought out that he was represented by counsel. The remaining interrogation merely revealed that while the accused had been charged with other crimes he had served no other time. Without approving the method used by the trial judge we merely find no error here of which the accused may complain. *Mitchell v. State,* 136 Ga. App. 390, 392 (221 SE2d 465); *Clark v. State,* 138 Ga. App. 266.

*Rehearing denied.*