## 57146. SCOTT v. THE STATE.

WEBB, Judge.

Lucille Williams and Ruth Hackle left work at about 6:15 p.m. and walked to a parking lot where their car was parked. They were approached by three black males, one of whom asked for directions to the bus station. While Mrs. Williams gave instructions, one of the men pulled a small caliber pistol and demanded their money. Mrs. Hackle refused and one of the men grabbed her purse (which had one dollar in it), and another grabbed Mrs. Williams' purse and ran. Mrs. Hackle chased after them

but the men dropped her purse and split up, eluding their pursuers. Shortly thereafter the women picked Scott's picture from photographic displays of black males. He was indicted on two charges of armed robbery, tried, and found not guilty on the charge against Mrs. Hackle and guilty of robbery by intimidation against Mrs. Williams. The court sentenced him to an indeterminate sentence under the Youthful Offender Act and he appeals. We affirm.

1. Scott's argument that the pictures used in the photographic lineup were erroneously allowed in evidence over objection that a proper foundation had not been laid is without merit. The admission of lineup pictures does not violate any right of the defendant. *Godbee v. State,* 232 Ga. 259, 261 (206 SE2d 432) (1974). Additionally, Mrs. Williams and Mrs. Hackle both identified Scott as one of the men who robbed them and the jury "was warranted in accepting the victim's in-court identification as based upon [her] encounter with the accused rather than the photographic line-up. *Yancey v. State,* 232 Ga. 167 (205 SE2d 282) (1974)." *Shorts v. State,* 145 Ga. App. 32 (1) (243 SE2d 317) (1978).

2. The verdict of robbery by intimidation against Mrs. Williams is not inconsistent with the verdict finding Scott not guilty of armed robbery against Mrs. Hackle. Robbery by intimidation is a lesser included offense of armed robbery and the jury was authorized to find from the evidence that while the pistol was not pointed at Mrs. Williams, she was intimidated by its presence in Scott's hand, but that Mrs. Hackle was neither intimidated nor robbed. " 'Where evidence is consistent with two different explanations, one of which will sustain the verdict and one render it inconsistent, this court will infer that the jury adopted that explanation consistent with its findings. (Cits.)' *Fullwood v. State,* 128 Ga. App. 772, 773 (197 SE2d 858)." *Smith v. State,* 144 Ga. App. 785, 786 (1) (242 SE2d 376) (1978). See *Bruce v. State,* 142 Ga. App. 211 (1) (235 SE2d 606) (1977).

*Judgment affirmed. Bell, C. J., and Banke, J., concur.*

SUBMITTED JANUARY 4, 1979 — DECIDED JANUARY 11, 1979.

*Ralph R. Lorberbaum,* for appellant.

*Andrew J. Ryan, III, District Attorney, Stephen R. Yekel, Robert M. Hitch, Assistant District Attorneys,* for appellee.