## 56992. YOUNG v. THE STATE.

DEEN, Presiding Judge.

1. The appellant, convicted of armed robbery, complains of the court's failure to charge on request the elements necessary "to sustain a conviction on circumstantial evidence only." In this case the defendant made a written admission which was read to the jury that he drove an acquaintance to the scene; the acquaintance went in and held up the business while he remained in the car waiting and when he returned they drove away. A witness identified the getaway car with two occupants. The acquaintance testified that the robbery was jointly planned, that he went in and held up the victim while the defendant waited outside. The accomplice was also identified by the victim. The statement of the defendant was direct evidence of his participation, and a requested charge based "on conviction on circumstantial evidence only" would not have been apt. *DePalma v. State,* 228 Ga. 272 (1) (185 SE2d 53) (1971). The statement in *Middleton v. State,* 7 Ga. App. 1 (66 SE 22) (1909) that where there is both circumstantial and direct evidence, failure to charge

on circumstantial evidence is not error "in the absence of request," if taken literally, is dicta and cannot be interpreted to mean that in every such case, regardless of the quantum of each kind of evidence, a failure to charge would be reversible error. Here it would have been error to indicate that the evidence offered during the trial was circumstantial only.

2. "The control of the voir dire examination is vested in the sound legal discretion of the trial judge and will not be interfered with by this court unless the record clearly shows an abuse of that discretion." *Lamb v. State,* 241 Ga. 10 (243 SE2d 59) (1978). Reference to the defendant on voir dire examination as "the prisoner at the bar" has been held not prejudicial (*Leach v. State,* 138 Ga. App. 274 (2) (226 SE2d 78) (1976)) and a reference in the present case to *"parties to a crime"* would likewise not be cause for reversal.

However, we have not been able to find the exact language complained of in the transcript of the court's charge, and counsel, by failing to cite the page of its occurrence in the transcript, have in effect waived consideration of it. We do note that the court did charge in the language of Code § 26-801 that "every person concerned in the commission of the crime is a party thereto," which, under the evidence in this case, was apt and proper.

3. The defendant filed a motion to suppress his confession. After a Jackson-Denno hearing the judge held admissible so much of the confession as referred to the crime for which the defendant was on trial, but not other portions of the plenary statement which also took responsibility for unrelated criminal activity. Appellant now objects to the reading of the pertinent part of the confession. We find no error. The confession was originally oral, and was then reduced to writing and signed by the defendant. It is not the *document* which is at issue, but *what the defendant said,* and the defendant might if he so desired have introduced the document or read other parts of it to the jury, but it was obviously not to his advantage to do so. *Waller v. State,* 102 Ga. 684 (2) (28 SE 284) (1897).

It is held in Lego v. Twomey, 404 U. S. 477 (92 SC 619, 30 LE2d 618) (1972) that " [n]othing in Jackson [v. Denno,

378 U. S. 368] questioned the province or capacity of juries to assess the truthfulness of confessions." After the court at the pretrial hearing finds the statements to have been voluntarily made, the state is at liberty to introduce the confession in evidence by reading it, or such parts of it as are pertinent, to the jury. The defendant may again (and did here) introduce testimony by which he contends that the confession was not voluntary. If anything has been left out of the confession as reduced to writing which the defendant desires to submit to the jury at that time he is free to do so. In any event, the jury ultimately assesses for itself the weight to be given to the alleged confession, and determines whether or not to put credence in it. The procedure followed here was eminently correct.

*Judgment affirmed. McMurray and Shulman, JJ., concur.*

SUBMITTED JANUARY 8, 1979 — DECIDED JANUARY 29, 1979 — REHEARING DENIED FEBRUARY 15, 1979.

*Ray C. Norvell,* for appellant.
*M. Randall Peek, District Attorney, Michael M. Sheffield, Assistant District Attorney,* for appellee.