## 62326. CLARKE v. THE STATE.

CARLEY, Judge.

Appellant was indicted and tried for the offense of armed robbery and aggravated assault. From the judgment entered on the jury verdict finding appellant guilty of both offenses, he appeals to this court.

1. The general grounds are enumerated as error. After a thorough review of the entire record we are convinced that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); Dowdy v. State, 150 Ga. App. 137, 139 (257 SE2d 41) (1979); Bogan v. State, 158 Ga. App. 1, 3 (279 SE2d 229) (1981).

2. Appellant contends that the trial court erred in allowing the state to play the tape of his in-custody statement to the jury. The trial court conducted a Jackson-Denno hearing and determined that appellant was afforded all of his constitutional rights and that the statement was freely and voluntarily given. Appellant does assert, however, that the tape recording served no evidentiary purpose other than to impermissibly place his character in issue. We have carefully reviewed a transcript of the taped statement and agree with appellant's assertion that a significant portion thereof is irrelevant and immaterial to the issue of appellant's guilt or innocence in the instant case.

"However, the mere fact that the evidence is 'immaterial' does not necessarily mean that its admission into evidence constitutes reversible error. Evidence which is immaterial will not always require reversal, since prejudice also must appear. [Cit.]" Hester v. State, 159 Ga. App. 642 (2) (1981). Appellant has not directed this court to any portion of the statement which is prejudicial to him and our review thereof indicates that, if anything, the statement is exculpatory in nature. As no prejudice has been shown, the trial court did not err in permitting the tape to be played for any reason urged in this appeal. "The jury was entitled to hear the entire statements of [appellant] in the full context in which they were spoken . . ." Drake v. State, 245 Ga. 798, 802 (267 SE2d 237) (1980).

3. Appellant enumerates as error the admission into evidence of a photograph depicting appellant in a police identification line-up. The record reveals that appellant himself identified the photograph in question as a fair and accurate representation of what it purported to depict. The photograph was properly authenticated and correctly admitted for the jury's consideration. Godbee v. State, 232 Ga. 259

(206 SE2d 432) (1974); *Scott v. State,* 148 Ga. App. 691 (1) (252 SE2d 196) (1979); *Craft v. State,* 154 Ga. App. 682, 684 (269 SE2d 490) (1980). This enumeration is without merit.

4. Appellant's motion for new trial as amended asserted the same enumerations of error set forth in Divisions 1-3 of this opinion. Therefore, for the reasons previously stated, the trial court did not err in denying appellant's motion for new trial.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED OCTOBER 7, 1981.

*Allan P. Harris,* for appellant.
*Thomas Charron, District Attorney, Charles C. Clay, Assistant District Attorney,* for appellee.