## 62681. BROWN v. THE STATE.

DEEN, Presiding Judge.

William F. Brown appeals from his conviction of armed robbery following the denial of his motion for a new trial.

1. The trial court did not err in failing to suppress evidence of defendant's lineup. The defendant did not have a right to have counsel present unless he has been formally charged with a crime. *Godbee v. State,* 232 Ga. 259 (206 SE2d 432) (1974); *Davis v. State,* 158 Ga. App. 549 (281 SE2d 305) (1981). Although he contends that he was served with an arrest warrant several days before the lineup there is no evidence to support such a contention. The officer who had him transported from Clayton County to Fulton County denied that he ever served him with a warrant and testified that after the lineup he had the defendant indicted. The defendant testified that he saw officer Mapp while he was in the Clayton County jail and that the officer informed him that he had a warrant for his arrest. When asked if he was shown a warrant by Mapp he replied, "I can't identify what a warrant is. He showed me a piece of paper that I assumed to be a warrant." The warrant was not introduced into evidence. The defendant, however, refused to sign a "Waiver of Lineup form" which the officer presented to him while in the Clayton County jail and he was not represented by counsel at the lineup.

2. In his remaining enumeration of error he asserts the general grounds. We have examined the record and find that a rational trier of fact could have found that the defendant was guilty beyond a reasonable doubt. *Driggers v. State,* 244 Ga. 160 (259 SE2d 133) (1979).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 16, 1981 —
REHEARING DENIED OCTOBER 29, 1981.

*Carl P. Greenberg,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Andrew Weathers, Margaret V. Lines, Assistant District Attorneys,* for appellee.