## 70685. COTHRAN v. THE STATE.
(338 SE2d 513)

BENHAM, Judge.

Appellant was convicted of driving under the influence of alcohol. She appeals.

The evidence established that on November 18, 1983, a Gwinnett County police officer responded to an accident call on Highway 28. He discovered an overturned car in the highway and appellant, Rebecca Cothran, lying unconscious outside the automobile in the highway. In rendering first aid, the officer detected an odor of alcohol on appellant's breath. A sample of her blood withdrawn later at the hospital and analyzed at the crime lab revealed a blood alcohol level of .18 grams percent.

1. Appellant contends error in the trial court's denial of her motion to suppress the blood alcohol results. This enumeration is bottomed on the following facts: Appellant, suffering from severe bruises, abrasions, contusions, and lacerations, was taken by ambulance to the hospital following the accident. The officer first ascertained her condi-

tion from the doctors and then read the implied consent rights to her (a fact which appellant does not remember due to her groggy condition). After obtaining appellant's consent, the officer had the blood extracted by hospital personnel. However, he did not formally charge appellant with DUI on November 13, 1983, but waited until the test results were received on January 13, 1984, to make the formal charge.

Appellant does not contend that the delay prevented the preparation of her defense. She contends in a series of structured arguments that (1) no arrest took place and, therefore, administration of the blood test was unwarranted; (2) if an arrest took place, it was illegal since no crime had been committed in the officer's presence; and (3) the taking of her blood was a denial of her constitutional rights.

Looking first at the arrest issue, the evidence shows that appellant was in fact under arrest at the hospital at the time the blood was taken. This conclusion can be drawn from the officer's testimony that appellant was not free to go. Although she was not physically restrained, the officer was outside her room, and had she been able to leave the hospital he would not have let her go. "An arrest is accomplished whenever the liberty of another to come and go as he pleases is restrained, no matter how slight such restraint may be." *Clements v. State*, 226 Ga. 66 (2) (172 SE2d 600) (1970). There was probable cause for the arrest in that: (1) defendant was found immediately outside an overturned vehicle in the highway; (2) the automobile had been traveling on the wrong side of the road before turning over; (3) defendant's breath smelled of alcohol; and (4) her speech consisted of inconsistent mumbling. This is coupled with the officer's testimony that he had reasonable grounds to believe defendant was driving under the influence of alcohol but that he did not know by what percentage of alcohol. The officer had probable cause to make a warrantless arrest since "he knew facts and circumstances, based on reasonably trustworthy information, sufficient to warrant a prudent man to believe that the defendant had committed an offense. [Cit.]" *Ellis v. State*, 164 Ga. App. 366 (2) (296 SE2d 726) (1982). We view the officer's action here of reading the implied consent rights as being incident to a lawful arrest and his action of directing that blood be withdrawn as being pursuant to appellant's consent.

As to appellant's allegation that she was denied due process when the blood was extracted from her body, we find that no such denial took place. The blood was taken pursuant to appellant's consent. Appellant cites *State v. Bosanco*, 213 NW2d 345 (S.D. 1973), and *State v. Byers*, 224 SE2d 726 (W.Va. 1976), in support of her enumeration. However, in both cases, the courts involved found no valid arrest to have occurred prior to the administration of the blood-alcohol test. Since we have found that the actions of the officer were incident to a

lawful arrest, neither *Bosanco* nor *Byers* is applicable. Therefore, appellant's enumeration is without merit.

2. Appellant contends that failure of the trial court to charge the specific language of *McCann v. State*, 167 Ga. App. 368 (306 SE2d 681) (1983), amounted to impermissible burden shifting. No request for a *McCann* charge was made by appellant. Nevertheless, we have compared the charge given with a distilled summary of *McCann*, which is as follows: In the trial of a DUI case under OCGA § 40-6-392 involving a chemical analysis of blood-alcohol, the following elements should be charged: (1) percentage of alcohol over a certain amount gives rise to certain rebuttable presumptions and inferences; (2) these presumptions and inferences apply where contradicting evidence is not offered; (3) when contradicting evidence is offered the presumptions disappear and the usual rules of evidence apply; and (4) under any circumstance the burden of proof is on the state and never shifts to the defendant.

A mere litany of words has no magic in and of itself. It is the content that carries the significance. This court, in *Thurman v. State*, 172 Ga. App. 16 (3) (321 SE2d 780) (1984), stated: "As the trial court in the instant case did not instruct that the statutory presumptions of intoxication were rebuttable, we reverse." Such is not the case here, since the trial court specifically instructed the jury as follows: "I charge you that this presumption is a rebuttable presumption." *Thurman* was decided in September 1984 some four months after the case in chief was tried. "Upon examining the charge as a whole, we find that it passes constitutional muster, inasmuch as the jury was instructed that the statutory presumptions were rebuttable." *Clark v. State*, 169 Ga. App. 535 (2) (313 SE2d 748) (1984). Hence, appellant's enumeration is found wanting.

3. In her third enumeration of error, appellant contends that the trial court erroneously denied her motion for mistrial due to the State's failure to comply with the discovery requirements of OCGA § 17-7-211. During the trial, an expert witness was called who testified that appellant's blood-alcohol level was .18 grams percent and that this information was obtained by analyzing the blood sample in a gas-chromatographic instrument. Appellant was furnished a copy of the final laboratory report but she claims a violation of OCGA § 17-7-211 for failure to furnish her a copy of the graph which was used to prepare the final report. This issue has been decided adversely to appellant in *Williams v. State*, 251 Ga. 749 (3c) (312 SE2d 40) (1983); hence, this enumeration is without merit.

4. Appellant next challenges the language of the trial judge in charging the jury as being an expression of opinion in violation of OCGA § 17-8-57. The controversy swirls around the use of the word "ought" in the following charge: "Ladies and gentlemen, if you be-

lieve beyond a reasonable doubt that the defendant, Rebecca S. Cothran, did in this county within two years prior to the filing of this accusation commit the offense charged in the way and manner alleged you ought to convict her. If you do not believe that she did or if you have a reasonable doubt as to her guilt then it would be your duty to give her the benefit of the doubt and acquit her." We discern no affront to OCGA § 17-8-57 since language of this nature is specifically authorized under *Caraway v. State*, 72 Ga. App. 504 (34 SE2d 303) (1945).

5. Lastly, appellant contends that the portion of the sentence requiring her to serve 300 hours in community service is erroneous. Upon being found guilty of DUI, appellant was sentenced to 12 months probation, a $1,000 fine, and 300 hours of community service. The statute authorizing the community service is OCGA § 40-6-391 (c) (2) (B) (ii). Appellant, in contending that only 80 hours are authorized, misreads the clear language of the statute: "The judge, at his sole discretion, may suspend, stay, or probate the minimum 48 hour term of imprisonment not subject to suspension, stay or probation under division (i) of this subparagraph, provided that a condition of the suspension, stay, or probation of the minimum 48 hour term of imprisonment shall be that the defendant shall perform not less than 80 hours of community service." Contrary to appellant's assertion, the punishment meted out was within the statutory limits. " '(T)his court has consistently held that where the sentences imposed are within the statutory limits, as they are here, they are not unconstitutional.' [Cit.]" *Johnson v. State*, 246 Ga. 126, 128 (269 SE2d 18) (1980). Having lost its footing, appellant's enumeration topples.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 25, 1985.

*C. Alan Mullinax*, for appellant.
*Carey M. Cameron, Assistant Solicitor*, for appellee.