## 73039. DAVIS v. THE STATE.

(349 SE2d 805)

BIRDSONG, Presiding Judge.

The defendant, Charles Davis, appeals his conviction of three counts of forgery in the first degree. Davis was indicted for possessing and uttering three checks listing Steve Beeland as the maker. Beeland had closed his account with the bank and had thrown his blank checks in the trash. Davis admitted that he saw several of Beeland's checks in the trash, but he said they had already been made out and he took only one check. When he attempted to cash that check at the Holiday Stop-N-Shop in Monroe County, the cashier refused to cash it. He denied passing the three checks which are the basis for his indictment.

Elizabeth Watts was working at the Holiday Stop-N-Shop when the defendant, whom she had known for approximately four to five years, and called "Little Charles," asked her to cash a check for him. The check bore the purported signature of Steve Beeland and was made out to Davis as the payee. She told Davis she could not cash a personal check made out to another person. Defendant said he would have Beeland write him another check. A few minutes thereafter Davis returned with a check purportedly signed by Beeland made out to the Holiday Stop-N-Shop in the amount of $60. Davis told her he cleaned out Beeland's yard for the money. The check was returned as the account had been closed.

Mary Walton worked for her father at the Pan-Am Two gas station. The defendant cashed two checks on January 10 and 11, 1985, at the service station after making small purchases. She recognized the defendant because she had seen him in 1979 and 1980 when she worked there before, but did not know his name. She picked his picture out of a photo line-up presented to her by the police.

Davis testified that he did not cash the three checks and only attempted to cash one because he owed his probation officer $100 and had been told he would be locked up if he didn't pay him. Davis said Ms. Walton was mistaken when she said she knew him in 1980 because he was in prison that year. Beeland testified that he did not sign any of the three checks cashed by Davis and Davis had never worked for him. Davis brings this appeal from the jury verdict of guilty. *Held*:

1. The first enumeration alleges "it was error for the trial court to allow testimony which contained material variances therein from the State's witnesses . . . regarding the amount of Check No. 261. . . ." The State's Exhibit No. 1, Check No. 261, allegedly signed by Steve Beeland and listing the Holiday Stop-N-Shop as payee was identified by two witnesses. The check clearly is made out in words and figures in the amount of $60. However, when one witness was

asked what the amount was, she mistakenly stated: "$50." The witness who cashed the check for the defendant correctly stated the amount was $60. We find no error for two reasons. First, no objection was made to the testimony. Secondly, the amount of the check was not in issue and the jury could not have been misled as the exhibit was admitted in evidence and established beyond doubt the amount of the check.

2. When viewed in the light most favorable to the verdict, the evidence is sufficient to enable any rational trier of facts to find the existence of the offense charged, the possession and uttering of the three forged checks, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. Defendant argues that it was error "to allow any testimony and to admit into evidence six photographs of black men used in a pretrial line-up" when "all testimony at trial by State's witnesses . . . clearly stated . . . that ONLY FIVE PHOTOGRAPHS were used in the pretrial indictment line-up, as same was UNNECESSARILY SUGGESTIVE. . . ."

Mr. Elbert Jackson, an investigator for the Monroe County Sheriff's Department testified that he "put the Defendant's photograph in a line-up . . . along with five other photograph [sic] and carried it to [Ms. Walton] at Pan-Am Two and he was picked out of the line-up by Mary Walton who is an employee at Pan-Am Two." Ms. Walton testified that the line-up consisted of "five photographs . . ." and "I said number three looked like him but the picture was real dark." Ms. Walton then identified State Exhibit No. 5 as the folder containing the pictures she was shown. The exhibit contained six photographs and the defendant admitted that number three was a picture of himself taken at the time of his arrest. Ms. Walton testified that her in-court identification of the defendant was based on what she saw of the defendant at the service station and on cross-examination denied she identified him "because [she] saw the photographs" as she "had described him almost to a tee before [the investigator] ever showed me the photographs."

The primary issue is whether the procedure involved was impermissibly suggestive. *Payne v. State*, 233 Ga. 294, 299 (210 SE2d 775). We find that it was not. *Hamilton v. State*, 255 Ga. 468, 469 (339 SE2d 707). Whether five or six pictures were used is not controlling. Appellate courts have approved a one-man photo show-up. *Manson v. Brathwaite*, 432 U. S. 98 (97 SC 2243, 53 LE2d 140). "The central question, however, was whether under the totality of the circumstances the identification was reliable." Id. Under the circumstances of this case we find there was no substantial likelihood of misidentification. The admission of line-up pictures in and of themselves does not violate any constitutional right of the defendant. *Scott v. State*,

148 Ga. App. 691, 692 (252 SE2d 196). Further, the defense voiced no objection to the in-court identification of defendant by the State's witnesses, or the admission of the photographs, which amounts to a waiver. *Key v. State*, 146 Ga. App. 536 (5) (246 SE2d 723), U. S. cert. den. 439 U. S. 990. This enumeration is without merit.

4. Defendant claims "he had ineffective counsel appointed by" the trial court. This issue was not listed as one of the grounds for a new trial, although a statement to that effect was included in the brief presented to the trial court on the motion for new trial. That procedure would not alert the State or the appointed counsel whose effectiveness was questioned. "A claim of denial of effective assistance of trial counsel may not be raised for the first time on direct appeal." *Hamilton*, supra at 470. Defendant's trial counsel has not been heard on this issue (*Brown v. State*, 251 Ga. 598, 601 (308 SE2d 182)), and the issue was not presented in the motion for new trial calling for a ruling by the trial court (*Simpson v. State*, 250 Ga. 365 (2) (297 SE2d 288)). Further, in defendant's appellate brief no citation of authority is included, and no specific basis for ineffectiveness is alleged. The only argument advanced is that counsel "did not adequately represent appellant during the trial. . . ." This type enumeration is so general as to present nothing specific for review. *Haywood v. Wooden Peg*, 174 Ga. App. 806 (1) (331 SE2d 109).

5. The sentence imposed by the trial court is within that authorized by the statute and thus is not constitutionally excessive as a matter of law. *Cothran v. State*, 177 Ga. App. 58 (5) (338 SE2d 513).

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 16, 1986.

*Harold E. Martin*, for appellant.

*E. Byron Smith, District Attorney, Thomas B. McBerry, Assistant District Attorney*, for appellee.