J. A. STEPHENSON, plaintiff in error, *vs.* the STATE OF GEORGIA, defendant in error.

It is error in the Judge of the Superior Court, in any case, civil or criminal, or in equity, during its progress, or in his charge to the jury, to express or intimate his opinion, as to what has or has not been proved, or as to the guilt of the accused.

New Trial. Jury. Remarks by Judge. Before Judge PARROTT. Bartow Superior Court. September Term, 1869.

Stephenson was tried and convicted of a misdemeanor, in that he unlawfully carried a concealed pistol. The evidence as to concealment, was as follows: One WATERS testified, that after having traveled about a mile in company with Stephenson and others, Stephenson and a negro who was along, got into a difficulty, and defendant drew a pistol on the negro. Witness did not see him draw the pistol from his

pocket; the first he saw of it was when Stephenson was pointing it at the negro.   The negro testified that Stephenson threw two stones at him, and then threw his hand under his coat and then presented the pistol, and that he did not see Stephenson "with the pistol" until he "drew it from under his coat."

The Court charged the jury, among other things, that "if it was proved that the witnesses and defendant had traveled some distance in company, and the witnesses, during that time, did not see the defendant have any pistol, until defendant was pointing it at another person, that would be a strong circumstance going to show that the defendant had, previous to drawing said pistol and pointing it at a person, carried said pistol in a concealed manner, and not in an open manner and fully exposed to view."

A new trial was moved for, upon the grounds that the verdict was contrary to law and evidence, and because said charge was contrary to law.   The new trial was refused, and that is assigned as error, on said grounds.

W. T. WOFFORD, by W. H. PRITCHETT, for plaintiff in error.

C. E. BROYLES, Solicitor General, by the Reporter, COX & WIKLE, for the State.

BROWN, C. J.

We have decided the only point in this record in the case of *Phillips vs. Williams*, at this Term.

Let the judgment be reversed and a new trial be granted.