## 26127. MIXON v. THE STATE.

ALMAND, Chief Justice. This appeal is from an order overruling the defendant's motion to quash the indictment, which order was certified for direct review by the trial judge.

Ray Mixon, under an indictment charging him with the offense of criminal trespass in that he did "knowingly and without authority enter upon the land and premises of Ocilla Oil & Fertilizer Company, a corporation, for the unlawful purpose of burglary, in that the said accused did intend to without authority and with the intent to commit a theft therein, enter within the storehouse and store building of the said Ocilla Oil & Fertilizer Company," filed his motion to quash on the grounds: "1. The indictment returned by the grand jury against the defendant charging the defendant with the crime of criminal trespass is based upon Georgia Code § 26-1503 (b) (1) [Ga. Laws 1969, pp. 857, 859] which reads as follows: '(b) A person commits criminal trespass when he knowingly and without authority: (1) Enters upon the land or premises of another person, or into any part of any vehicle, railroad car, aircraft, or watercraft of another person, for an unlawful purpose'; and said statute is null and void and in violation of Article I, Section I, Paragraph III of the Constitution of the State of Georgia (Due Process Clause) in that said statute is so vague, uncertain and indefinite as to be incapable of enforcement in a criminal proceeding because the statute is of doubtful construction and describes the act denominated as a crime in terms so general and indeterminate that honest and intelligent citizens are unable to determine what particular act is condemned by the statute. 2. The indictment returned by the grand jury charges the defendant with entering the premises of the Ocilla Oil & Fertilizer Company, a corporation, for the unlawful purpose of burglary from a storehouse and store building owned by the Ocilla Oil & Fertilizer Company and under the laws of Georgia (Ga. Code § 26-1601) burglary can only be committed by entering the dwelling house of another or a building, vehicle, railroad car, water-craft or other such structure designed for use as the dwelling of another, with the intention to commit a felony or theft therein, and since the indictment shows upon its face that the premises and buildings described therein, which the defendant is charged

with having entered for the unlawful purpose of burglary, are commercial buildings and not a dwelling of another, the indictment is defective, null and void because the defendant could not legally commit the offense of burglary from such commercial buildings under the laws of Georgia." *Held:*

1. The statute is attacked as being in violation of Art. I, Sec. I, Par. III of the Constitution of Georgia (*Code Ann.* § 2-103) as being so vague, uncertain and indefinite as to be incapable of enforcement in a criminal proceeding.

Though the words, "unlawful purpose" in some instances might be construed as not charging a violation of a positive law, the words as used in the 1968 Criminal Code as amended (Ga. L. 1969, pp. 857, 859) must be construed in the light of its context as part of "Chapter 26-15. Criminal Damage to Property" and words "unlawful purpose" to mean a purpose to violate a criminal law.

The statute under attack is not so indefinite, vague or uncertain as to fail to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by statute. "The uncertainty in a statute which will amount to a denial of due process of law is not the difficulty of ascertaining whether close cases fall within or without the prohibition of the statute, but whether the standard established by the statute is so uncertain that it cannot be determined with reasonable definiteness that any particular act is disapproved; and a criminal statute is sufficiently definite if its terms furnish a test based on knowable criteria which men of common intelligence who come in contact with the statute may use with reasonable safety in determining its command." 16 AmJur2d 954, § 552. See *Jones v. State,* 219 Ga. 848 (3) (136 SE2d 358).

2. The second ground of the motion asserts that the indictment is defective, null and void because the defendant could not legally commit the offense of burglary because under the provision of § 26-1601 of the Criminal Code (Ga. L. 1968, pp. 1249, 1287) entering and remaining in a commercial building is not an offense.

There is no merit to this contention.

The above cited Code section provides that one commits burglary when he, without authority and with the intent to commit a felony or theft therein, enters "any building" or "enters or remains within any other building" (than a dwell-

ing) makes it an offense to unlawfully enter a commercial building.

It was not error to overrule the motion to quash the indictment.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 13, 1970—DECIDED NOVEMBER 5, 1970.

*Reinhardt, Ireland, Whitley & Sims, Glenn Whitley,* for appellant.

*W. J. Forehand, District Attorney,* for appellee.