## 48206. RILEY v. THE STATE.

EVANS, Judge. The defendant was indicted for burglary. The indictment charges that the defendant "without authority and with intent to commit a theft therein" did "enter the building" of the Emory University Clinic.

A state's witness testified that in the early afternoon hours of August 10, 1972, when returning to his office in the Emory University Clinic, he passed by another office which was open and saw the defendant in this office with his hand in a pocketbook which was located on a desk; that he asked defendant if he could assist him; that defendant responded that he wanted to see Dr. Smith; and the witness advised that he would try to help defendant locate Dr. Smith. This witness and the defendant then went to the assistant manager's office. While there, the defendant was confronted by Dr. Smith and the latter advised in the defendant's presence that he had no reason to see him. Another state's witness testified that about this time he observed someone in his secretary's office which was directly across the hall. He asked this individual, whom he could not identify at the trial, if he could assist him and the person responded that he was looking for Dr. Smith and he pointed up the hall and left. Another state's witness testified that Dr. Smith, a dentist, primarily sees dependents of the staff, but that he does see private patients. A witness, who was the owner of the pocketbook, testified that the contents of the purse was of a value of about ten dollars; that she did not give permission for the defendant to enter her office or to remove the contents of her purse. The defendant testified that at 2:30 in the afternoon of the day in question he rode a bus to Emory University to see Dr. Smith; "got off" and walked into the clinic through the front entrance. At the conclusion of state's evidence the counsel for defendant made a motion for a directed verdict of acquittal of the crime of burglary, which was overruled. Defendant appeals. *Held:*

Code Ann. § 26-1601 specifies in part that the offense of burglary is committed when one enters *or* remains in a building or any room or any part thereof, without authority and with intent to commit a theft. The intent to commit theft is shown when the defendant was caught, if not red-handed, at least with his hand gloved by the pocketbook of another, obviously in the act of extracting its contents. The testimony in this case showed that *the room* in which the defendant was found was part of a clinic

*not open to the public,* in which, aside from staff, only referral patients and private patients had right of entry. Defendant contended he had come to see a Dr. Smith, but on being confronted by Dr. Smith, who denied any knowledge of defendant, he attempted to escape. This testimony was sufficient to show that he was in the clinic without authority.

Some of our brethren on this court have suggested that there is not a shred of evidence in this record which would authorize a finding that *he entered the building without authority.*

This was a semi-public building with many rooms, and defendant was found in one of those rooms with his hands in the pocketbook of another. Upon being accosted, he gave a false reason for his presence, to wit, that he wished to see Doctor Smith. What more was needed to convict him of burglary? Simply because the *doors to the lobby of a building may be open,* may one enter the lobby, and thereafter use this legal entry *to the lobby* to defend against burglary committed in *one of the rooms* of the building? What protection have occupants of a hotel against burglary under this construction? Anyone may enter the hotel *building* legally.

Did he enter the *room* without authority? Did he have the intent to commit a theft? *He was found with his hand in the pocketbook of another, and falsely stated his reason for being there was that he wanted to see Doctor Smith.* What more was needed to convict him of burglary? Absolutely nothing!

But, it is suggested that the indictment charged the defendant with entering a *building* and not with entering a *room;* and that he was shown to have entered the *building* legally, and therefore, cannot be convicted of entering the *room* without authority. Why not? The *room* was a part of the Emory University Clinic *building.* Proof that defendant entered *any part of the building* without authority and with intent to commit a theft fully satisfies the terms of the statute, to wit, Code Ann. § 26-1601, which statute is couched in the following language, to wit: ". . . *or enters or remains within any other building or any room or any part thereof."* (Emphasis supplied.) Thus, a defendant who is charged with burglary in that he, with intent to commit a theft, did enter, without authority, *a certain building,* may be convicted on proof that he entered a *part of the building or one room of the building.*

Or, to turn the case around, suppose Emory University Clinic is a public building with twenty rooms. Must defendant be proven to have entered without authority, each and every part of the

building — each and every one of the twenty rooms — before he could be convicted? If it be proven only that he entered the *lobby of the building* without authority, could he defend upon the ground that the lobby is only a part of the building — that the indictment charges he entered the building, which means the entire building, and every room of the building, without authority, and unless he is proven to have entered *all of it* without authority, the probata does not meet the allegata and he is entitled to a directed verdict of not guilty? Of course, this is argument ad absurdum, but it illustrates the point.

In *Great Eastern Cas. Co. v. Blackwelder,* 21 Ga. App. 586 (3) (94 SE 843), it is held that: "The word 'building' in its legal sense, is ambiguous, and is susceptible of being construed, without violence, as including many different kinds of structures and edifices erected by man." And at page 591 various cases from various jurisdictions are quoted showing that a *portico, a floating wharf, a trelliswork screen, a wooden advertisement boarding,* and even a *fence* have all been held to be a building. Also see *Randall v. Atlanta Advertising Service,* 159 Ga. 217 (125 SE 462).

The argument advanced by defendant would be well adjusted to a special demurrer to the indictment if such had been filed, because a defendant ordinarily would be entitled to know whether he is charged with entering all, each and every room of the building; or just the lobby of the building, or a particularly described room of the building. But we are not considering a demurrer. Here defendant is charged to have entered the building; he did not demur; and proof that he entered "a part of the building" without authority suffices.

The Supreme Court of Georgia has the correct grasp and understanding in this situation, as is shown by reference to *Mixon v. State,* 226 Ga. 869 (1, 2) (178 SE2d 189). The evidence amply supports the verdict; the trial court properly refused to direct a verdict of not guilty; and the judgment of the lower court is affirmed.

*Judgment affirmed. Hall, P. J., Eberhardt, P. J., Pannell and Deen JJ., concur. Bell, C. J., Quillian, Clark and Stolz, JJ., dissent.*
SUBMITTED MAY 1, 1973 — DECIDED OCTOBER 11, 1973 —
REHEARING DENIED NOVEMBER 7, 1973 —

*Michael J. Kovacich,* for appellant.
*Richard Bell, District Attorney, Hardaway Young, III,* for appellee.

BELL, Chief Judge, dissenting. Three of my colleagues and I are firmly convinced that the majority will cause a man to be incarcerated who is technically innocent of the crime for which he was indicted and convicted.

There are two essential elements involved in the crime charged against this defendant. They are (1) the defendant did without authority enter the building of the Emory University Clinic and (2) he did so with intent to commit theft. While there is a sufficient showing of an intent to commit theft, there is not a shred of evidence which would authorize a finding that he entered the building without authority. While there was some evidence the defendant had no authority to be in the room where he was found attempting to rifle the contents of the purse, it must be kept in mind that he was not indicted for burglary by the wrongful entry into a room within a building, a separate type of burglary independent of and not included within the indictment as written. See Code Ann. § 26-1601. The testimony is undisputed and demands a finding of the fact that the Emory University Clinic *building* is open to the public during daylight hours. The evidence being totally deficient as to the essential element of a wrongful entry into the building, a verdict of acquittal as to burglary was demanded.

The judgment should be reversed with direction to render a verdict of acquittal.

I am authorized to state that Judges Quillian, Clark and Stolz, concur in this dissent.