## 61349. DORTCH v. THE STATE.

CARLEY. Judge.

Appellant appeals from his burglary conviction.

1. After the jury panel had been called and sworn, the trial court indicated that further voir dire would be delayed until appellant arrived in the courtroom. The trial court then stated: "Well, I won't ask any of these questions until he's seated. To the panel, we have a little problem in getting our people up from the jail. Apparently the State Court has brought in several truckloads, and they are busy." Appellant's counsel then moved for a continuance on the ground that the remark by the trial court had put appellant's character into issue by referring to his incarceration pending trial. The trial court immediately gave a full and correct charge on appellant's presumption of innocence and the state's burden of proving his guilt beyond a reasonable doubt and further instructed the jury panel as

follows: "And any reference I made to where he had been residing awaiting trial should not be looked upon with any intent or meaning other than an explanation to you as to why we are waiting a few minutes before going right into the voir dire examination." After the trial court took this remedial action, appellant's renewed motion for continuance was denied.

Appellant urges that it was error to deny his motion for continuance and force him to be tried before a panel which had heard the trial court's remark. We find this argument patently without merit. Even assuming that the trial court's remark could be construed as placing appellant's character into issue, it is clear that even a specific reference to the defendant in a criminal case as "the prisoner" in the context of voir dire, is not reversible error. *Clary v. State,* 151 Ga. App. 301, 302 (2) (259 SE2d 697) (1979); *McCranie v. State,* 151 Ga. App. 871, 874 (4) (261 SE2d 779) (1979). Moreover, the remedial instructions given by the trial court to the jury panel rendered harmless any error which may have resulted from the remark. *Sharpe v. State,* 119 Ga. App. 222 (166 SE2d 645) (1969).

2. Appellant enumerates as error the denial of his motion for directed verdict of acquittal at the close of the state's evidence. The evidence for the state adduced at trial showed the following: In the owner's absence, appellant was observed in the driveway of a house carrying "an armful of stuff." The police, who were called by a neighbor, discovered that the glass in an open door to the house had been broken. Gaining entry through the open door, the officers found evidence that the house had been plundered. The homeowner then returned to discover that the door screen had also been torn by someone and that several items were missing from the house. Meanwhile the police officers had found appellant hiding in a vacant house across the street. Appellant was in possession of items identified as having come from the burgled house. The homeowner testified that she had not given appellant permission to enter her home. This evidence amply authorized the verdict of guilty of burglary. See *Wells v. State,* 151 Ga. App. 416 (260 SE2d 374) (1979). It was not error to deny appellant's motion for directed verdict of acquittal. *Selph v. State,* 142 Ga. App. 26 (234 SE2d 831) (1977).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED APRIL 8, 1981.

*Charles R. Sheppard,* for appellant.
*Richard E. Allen, District Attorney,* for appellee.