## 37660. PENNAMON v. THE STATE.

SMITH, Justice.

Appellant was convicted of murder and sentenced to life imprisonment. Finding none of his enumerations of error meritorious, we affirm.

1. In his first five enumerations of error, appellant raises the general grounds. He contends there was no evidence to show an intentional killing.

The following appears from the evidence: Appellant and his

wife, the victim, had argued about obtaining a divorce. At approximately 9:00 a.m. on the day of the shooting, a neighbor heard appellant threaten his wife. He said, "if you ever get a damned divorce, you'd never damn live to tell it." Later that morning, the appellant and his wife visited an attorney and made plans to separate. Appellant was to move out of the house. The parties apparently made plans for appellant to pick up his clothes that evening. After the meeting, appellant's wife went to work. Appellant went to visit some friends.

Appellant and a friend drove to the country, where they used the latter's pistol for target shooting. Later, appellant purchased a Sterling 380 automatic pistol and again went target shooting. When he finished, he engaged the safety and put the pistol in his pocket. He then returned home.

Appellant's wife and her fifteen-year-old daughter, Edith, were packing appellant's clothes and placing them in his car. Appellant grabbed his wife's arm and asked for the keys to her car. She refused. Appellant then told Edith to go into the house and get his hat. The wife told Edith not to go because appellant had a gun. Appellant reached into his pocket and Edith ran toward the house to call the police. As she reached the doorway, she heard a click. She also heard appellant say, "you did it once before but you won't do it no damn more." As she dialed the phone, she heard a gunshot. She rushed outside and found her mother lying on the ground. Appellant fled.

Appellant went to his employer and told him he had "shot my old lady." Appellant obtained some money that was owed to him and asked for a ride to the Atlanta airport. His employer agreed.

On the way, appellant requested some additional money and asked how much a plane ticket to New York would cost. The employer had no additional money. Appellant then asked to be taken to his sister's home in Macon. During the drive, appellant threw something out the window. Shortly thereafter, an ambulance went by the car. The employer asked appellant how many times he shot his wife and appellant replied: "I shot her one time right there," pointing to his head. Appellant also stated, "maybe I threw my gun away too soon." The pistol was never found by the police.

A firearms specialist testified that, because of the "land and groove structure" on the bullet recovered from the victim, the weapon had to be a Sterling 380 semi-automatic pistol. A pathologist testified the cause of death was the destruction of the brain. The bullet had entered at the top of the head, traversed the brain, and lodged in the area near the left ear. The pathologist concluded that the wound could not have been a contact wound because there were no powder marks near the bullet hole. The nearest the gun barrel

could have been to the head at the time of the shooting was a distance greater than eighteen inches.

Appellant testified in his defense. He denied threatening the victim. He said the victim attacked him, and without thinking, he pulled the gun from his pocket and struck the victim. When he did, the gun accidentally discharged. He testified that the gun "probably did touch her" and that he did not know how the safety was released.

From the evidence adduced at trial, a rational trier of fact was authorized to find beyond a reasonable doubt that appellant was guilty of murder. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, we find no merit in appellant's first five enumerations of error.

2. In his sixth enumeration, appellant contends the trial court erred in failing to charge on voluntary manslaughter. Appellant had filed a written request for such a charge. See *Stonaker v. State,* 236 Ga. 1 (222 SE2d 354) (1976).

Appellant was the only witness to the shooting incident who lived to tell about it. He testified that his wife attacked him as she had in the past. He "couldn't get her off . . . so [he] hit her" with the pistol and it "went off." He "wasn't thinking about hurting her at all."

Appellant concedes that his testimony, taken as a whole, precludes a charge on voluntary manslaughter. Nonetheless, he argues, the jury was authorized to disregard testimony that he was not thinking of hurting his wife and yet believe his testimony that he was being hurt by her attack. Under this state of facts, the jury would be authorized to infer that appellant acted out of a "sudden, violent, and irresistible passion." Thus, appellant asserts, the voluntary manslaughter charge was required under *Henderson v. State,* 234 Ga. 827 (218 SE2d 612) (1975).

In *Henderson* (Id. at 831-832) this court held: "Although the appellant's testimony may have excluded voluntary manslaughter as a possible verdict, the evidence as a whole did not. 'On the trial of a murder case, if there be any evidence, however slight, as to whether the offense is murder or voluntary manslaughter, instruction as to the law of both offenses should be given the jury.' " Recently in *Raines v. State,* 247 Ga. 504 (277 SE2d 47) (1981), we reaffirmed *Henderson* and found reversible error in the trial court's failure to charge on voluntary manslaughter, notwithstanding the defendant's testimony that the shooting was accidental. We held that, since there was evidence in the record *aside from the defendant's testimony* sufficient to authorize a finding of voluntary manslaughter, a charge thereon was required. In the instant case, however, there is no such evidence.

Under the circumstances presented in this case, we do not believe the trial court was required to charge on voluntary manslaughter under *Henderson* or *Raines.* We think it eminently reasonable that, for purposes of receiving a charge on voluntary manslaughter, a criminal defendant is held to his admission under oath that he was not in fact acting in the heat of passion where there is no independent evidence tending to show that he was. See *Burger v. State,* 238 Ga. 171, 172 (231 SE2d 769) (1977); see also United States v. Wallette, 580 F2d 335 (8th Cir. 1978); United States v. Hardin, 443 F2d 735 (D. C. Cir. 1970).

3. Appellant contends the trial court erred in failing to give his requested charge on accident. See Code Ann. § 26-602. While not quoting the statute, the trial court did charge: "The defendant in this case contends that he did not intend to use deadly force against the deceased. The defendant also contends that the force he used was not a force which would ordinarily be likely to cause death but that death resulted from the accidental firing of the weapon which he used to strike the victim with." Other portions of the charge make it clear that "the jury was authorized to find the defendant guilty of murder only if it found [beyond a reasonable doubt] that he actually intended to kill the deceased." *DeBerry v. State,* 241 Ga. 204, 206 (243 SE2d 864) (1978). In our view, the charge when viewed as a whole "covered the principle of law involved in the defendant's request, and the failure to charge in the exact language requested does not constitute reversible error." *Fox v. State,* 238 Ga. 387, 388-389 (233 SE2d 341) (1977).

4. In his ninth enumeration, appellant complains of the following charge: "Now ladies and gentlemen of the jury, the defendant contends that he did not—that he is not guilty in this case. He says that under the evidence and all the facts and circumstances of the case that he is entitled to an acquittal at your hands. He says that what he did, he did in self defense to save his life or to repel a felonious assault being made upon him at the time by the deceased. I charge you that if you believe his contentions and that he was justified under the principles of law as I have given you in charge, I charge you that if you believe the defendant's contentions to be the truth of the case or if there is a reasonable doubt upon your mind, then you should acquit the defendant." Appellant asserts: "The court's statement in the above quoted charge that 'he says that what he did, he did in self defense to save his life or to repel a felonious assault being made upon him at the time by the deceased' amounts to the Court commenting on and expressing an opinion on the evidence in telling the jury what the evidence was. The Trial Court also misconstrued the evidence because the evidence did not support the

conclusion reached by the Judge as to what the defendant said or what his evidence showed. . . [The charge] served to belittle appellant's actual contentions that a simple battery was being made upon him and he was hurting because his wife was squeezing his private parts and he responded to the pain by hitting her with the weapon, using it as a club, causing the weapon to accidentally fire and resulting in his wife's death."

While appellant is correct in his assertion that he did not "say that what he did he did in self-defense to save his life or to repel a felonious assault," we find no reversible error. The subject charge merely gave appellant the benefit of a defense to which he clearly was not entitled. It was not inherently prejudicial.

We cannot accept appellant's assertion that the charge "belittled" his "actual contentions," to any significant degree. Appellant himself had requested charges on self-defense as well as voluntary manslaughter. Although only the former was charged, both are fundamentally inconsistent with appellant's "accident" defense. Moreover, elsewhere in the charge, the jury was informed of appellant's "actual contentions" which, we are certain, they had already gathered from his testimony.

Appellant's assertion that the charge constituted an expression of opinion on the evidence must also be rejected. The court had made a misstatement as to appellant's contentions, which, in view of the entire charge and the evidence, was harmless. See *Finney v. State,* 242 Ga. 582, 583 (250 SE2d 388) (1978). We note that in concluding his charge to the jury, the trial judge stated: "Now, Ladies and Gentlemen of the Jury, let me remind you that the court does not mean nor intend by anything heretofore said or hereafter said to express or intimate to you any opinion as to what has or has not been proved in this case or as to what your verdict should or should not be. If the court has said or done anything during the process of this trial, including this charge, which would lead you to believe the court has expressed or intimated any opinion as to what has or has not been proved or as to what your verdict should or should not be, then I charge you and respectfully request of you to disregard such expressions or intimations entirely and completely disabuse your minds of that. You, Ladies and Gentlemen of the Jury, decide this case from the facts of the case as you find them to be and under law given you in charge by the court as applied by you to those facts. The Court's interest in the matter was that the case be fairly presented according to law and that you as honest, conscientious and impartial jurors consider the case as the court has instructed you and return a verdict that speaks the truth of the case as you find the truth of the case to be."

5. Appellant's enumerations 10, 11 and 12 raise various "errors" in the jury charge. The arguments presented are wholly unpersuasive and do not warrant discussion.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 18, 1981 —
REHEARING DENIED DECEMBER 16, 1981.

*Brown, Katz, Flatau & Hasty, Fred M. Hasty,* for appellant.
*Joseph H. Briley, District Attorney, Arthur K. Bolton, Attorney General, Russell N. Sewell, Jr., Assistant Attorney General,* for appellee.