## 38756. PEREZ v. THE STATE.

HILL, Presiding Justice.

The defendant, Luis Perez, was convicted by a jury of murder, aggravated battery, and possession of a firearm in the commission of a felony. He was sentenced to life imprisonment for the murder and ten years for the aggravated battery to run consecutively; for sentencing purposes the possession of a firearm offense was merged into the other two.

The murder victim was defendant's estranged wife's father and the battery victim was his wife. The defendant and his wife were getting a divorce, and the wife was living with her father who had not approved the marriage. Defendant had gone to see his wife and son carrying a gun when the incident occurred. The father-in-law asked the defendant how his business had been. The defendant said his business was fine but that his wife and the lawyers were not going to get anything more. The father-in-law said the money was not important, that they just wanted to be left alone. The defendant invited his father-in-law into the street for a fight. When the father-in-law declined, the defendant said "You will pay for this" and pulled out his gun and shot the father-in-law three times and his wife twice. Defendant testified that the deceased said the child's name would be changed, that he and the deceased pushed each other before the shots were fired, and that he thought he saw the deceased holding a gun by his side. Witnesses for the prosecution testified the deceased did not have a gun and in fact did not own a gun.

1. Defendant requested a charge on voluntary manslaughter which the trial court refused to give. Defendant claims that under the "slight evidence" test in *Raines v. State,* 247 Ga. 504 (277 SE2d 47) (1981), a charge on voluntary manslaughter was required. Code Ann. § 26-1102 provides that "A person commits voluntary manslaughter when he causes the death of another human being, under circumstances which would otherwise be murder, if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person...." According to defendant's testimony the deceased did not threaten defendant with a gun nor was defendant even certain the deceased had a gun. Moreover, a person carrying a gun cannot urge that another person's appearance of carrying a gun is "serious provocation." The deceased's statements and acts do not show "serious provocation sufficient to excite" "sudden, violent and irresistible passion" in a reasonable person.[1] The evidence here does not show sufficient "serious provocation" to require a charge on voluntary manslaughter.

2. The defendant also claims the trial court erred in refusing to sever the two offenses — the shooting of his father-in-law and the shooting of his wife — for trial. He claims to have been unfairly prejudiced by the joint prosecution. The state introduced evidence of prior attacks on the wife by defendant to show previous difficulties

---

[1] Defendant's insanity defense was rejected by the jury. During his testimony, the defendant said he did not know why he killed the deceased and shot his wife.

between them. Defendant argues this evidence would not be admissible in a separate trial for the murder and was harmful to him by calling into question his character. The evidence of the prior beatings included threats the defendant had made to kill his wife's father for interfering in their marriage. We find no error in this enumeration.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 8, 1982.

*Dupree & Staples, Hylton B. Dupree, Jr., Stephen C. Steele,* for appellant.

*Thomas J. Charron, District Attorney, Joseph L. Chambers, Assistant District Attorney, Richard L. Moore, Michael J. Bowers, Attorney General, George M. Weaver, Staff Assistant Attorney General,* for appellee.