## 39709. WILSON v. JONES.

WELTNER, Justice.

Melvin Louis Wilson shot and killed Jacquelyn Brown and wounded Tommy Lee Jones with a handgun. His convictions for murder and aggravated assault were affirmed in *Wilson v. State,* 246 Ga. 445 (271 SE2d 843) (1980). A certificate of probable cause from denial of the writ of habeas corpus was granted to determine whether or not the charge of the trial court was in violation of the holding in Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979).

1. Wilson contends that the trial court erred in giving to the jury the following charge: "... where one shoots another with a pistol and hits them the law presumes prima facie that he did it with malice, and that this presumption is not rebutted by proof that the parties had been good friends or that the defendant immediately after the shooting regrets the act."

We have in the past disapproved, and do now disapprove, the use of the phrase "the law presumes" in the deadly weapon charge, and have approved instead a charge authorizing the jury to "infer the intent to kill" from the intentional and unjustified use of a deadly weapon. *Hosch v. State,* 246 Ga. 417, 420 (271 SE2d 817) (1980). The words "the law presumes" cannot, however, be assayed *in vacuo,* "but must be viewed in the context of the overall charge." Cupp v. Naughten, 414 U. S. 141, 147 (94 SC 396, 38 LE2d 368) (1973); *Lackey v. State,* 246 Ga. 331, 338 (271 SE2d 478) (1980).

"In considering a possible violation of Sandstrom we must first determine what construction a reasonable juror might have placed on the contested charge." *Johnson v. State,* 249 Ga. 621, 622 (292 SE2d 696) (1982). The trial court charged the substance of OCGA § 16-2-6 (Code Ann. § 26-605), by instructing the jury that the accused "... will not be presumed to act with criminal intention but you, the jury, may find such intention upon consideration of the words, the conduct, the demeanor, the motive, and all other circumstances connected with the act for which the accused is on trial, it being your duty to carefully

evaluate all of the relevant circumstances in that regard, the question of intent resting finally with you." In the context with the court's instructions on the presumption of innocence and reasonable doubt; that the burden of proving criminal intent as an element of the crime of murder was upon the state; that the accused will not be presumed to act with criminal intent but that the jury might find criminal intent from all relevant circumstances; and that the question of criminal intent rested finally with the jury, the charge did not suggest to a reasonable juror that the defendant was required to disprove criminal intent, nor did it remove from the state its burden of proving criminal intent beyond a reasonable doubt. *Hosch v. State,* supra. Connecticut v. Johnson, 51 USLW 4175 (1983), is inapplicable here, as the issue there was whether a charge which admittedly violated Sandstrom might be considered harmless under the *facts* of the case pursuant to Chapman v. California, 386 U. S. 18, 24 (87 SC 824, 17 LE2d 705) (1967).

2. Wilson's other contentions relative to the court's charge are without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 11, 1983.

*Patrick T. Beall, Jerry L. Causey,* for appellant.
*George M. Stembridge, Jr., Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.