40731. DENSON v. THE STATE.

(316 SE2d 469)

</div>

BELL, Justice.

Hamp Denson was convicted of the murder of Pearlie Mae Walker in Tift County and sentenced to life imprisonment. Our review of the record and transcript shows that the jury was authorized to find the following facts. The appellant, who was sixty-two, sometimes dated the seventeen-year-old victim and had fathered one of her children. The victim had another boyfriend, Lucious Banks, who was the father of another of her children; he lived with the victim and members of her family in two trailers located in Omega, Ga. The victim was shot to death about 11:30 or 11:40 p.m., Saturday, December 11, 1982, in Stoney's poolroom and disco on Railroad Street, Tifton. During the course of that day the appellant drove to Omega to visit

the victim. When he first arrived he had an altercation with the victim's father concerning the victim. During that argument the victim's father brandished a gun at the appellant and told him to get out of his yard and not to return. The appellant responded by threatening to shoot the father if he advanced any farther toward him, and by telling the father that the father could not run the victim's life, that she had a life of her own, and that the appellant wanted her to stay with him. The appellant temporarily left the vicinity of the trailers, but returned. Although he subsequently argued with the victim, telling her "he wasn't going to be giving her his money and she be staying with somebody else," the couple eventually arranged to go out on a date that night.

There was also evidence presented to the jury that during the course of the day the appellant bought a .22 caliber six-shot revolver at a hardware store in Tifton, and told various witnesses about his anger toward the victim, saying that he was "tired of her doing him like this"; "that if she didn't do him right, she wasn't going to do nobody else right"; and that "if Pearlie didn't do him no good, she wouldn't do her daddy and her kids and this old boy what she was going with. . . ."

That evening the appellant and the victim entered Monroe's bar on Railroad Street in Tifton. Later, as they were headed out of Monroe's, somebody attempted to talk to the victim but the appellant caught her by the hand, and said, "C'mon, let's go." They then left Monroe's, and subsequently arrived at Stoney's poolroom and disco, likewise located on Railroad Street. A man named Tommy Pettiford, who knew both parties, witnessed the killing. Pettiford claimed he had never dated the victim, but said the appellant had threatened him on a previous occasion when he saw Pettiford talking with her, warning Pettiford that he had better walk away as fast as he could, and that Pettiford "better be gone when he come back." As Pettiford was watching another man shoot pool in Stoney's that evening, the victim approached him and said she wanted to make love to him. He did not reply, and about five minutes later the appellant entered the room, went over to her, and, without addressing Pettiford, grabbed her and told her, "Let's go." She tried to pull away from him and told him to quit. They scuffled, and after appellant told her "let's go" for the third time, Pettiford exited the poolroom, going over to the disco side of Stoney's. About two or three minutes later he heard a noise which he described as "pow." He looked inside the poolroom and saw "Hamp grabbing her by the arms, pulling her to him, close up and shot her in the heart and she fell back and hit her head on the pool table. Hit the pool table right there . . . and she just fell on the floor." About a minute elapsed between the two gunshots. After the victim hit the floor the appellant stood up and looked at her, then ran

out to his car and left. The appellant left the State, and was arrested in Florida in February of 1983.

The autopsy showed that the victim had suffered two .22 caliber bullet wounds, one in the neck and the other, which was fatal, in the chest and heart. There were no bruises on the body or other signs that she was involved in a struggle prior to infliction of the bullet wounds.

The appellant testified that he considered the victim his girl friend, and that even though he knew she had other boyfriends, including Pettiford and Lucious Banks, he was not jealous of them "because anytime I took a notion to go get her, I'd go get her." He said that he and the victim were supposed to stay at a motel that night, but that the victim was trying to leave Stoney's with someone else. He said that he grabbed her, she tried to get loose, and they started "tussling." However, he denied that he was angry with her that day or that they were arguing when she was killed, and maintained that he did not intend to kill her, and that, although he had the gun in his hand, he did not have his finger on the trigger and did not pull the trigger, and that the gunshots were accidental.

After being charged on malice murder and accident, the jury returned a guilty verdict. Denson appealed, and his appointed attorney filed a motion to withdraw from the case pursuant to Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967), on the basis that any appeal would be frivolous. He has filed a brief outlining two potential assertions which Denson could make on appeal, and has furnished Denson with a copy of his brief.

1). The first possible error enumerated as a ground which might arguably support the appeal is that the court erred by refusing to give requested charges on voluntary manslaughter. We disagree, since there was no evidence presented at trial which would have required such charges. A charge on voluntary manslaughter is warranted only if there is evidence that the defendant acted "solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. . . ." OCGA § 16-5-2. The appellant's own testimony that the killing was an accident, together with his denial of feelings of jealousy or that he was arguing with the victim when the gun discharged, refute the possibility that he was acting as the result of a provocation which would have excited passion in a reasonable man. Moreover, we find there is no evidence in the record independent of his testimony which would authorize a charge on voluntary manslaughter. See *Pennamon v. State*, 248 Ga. 611 (2) (284 SE2d 403) (1981). Cf. *Raines v. State*, 247 Ga. 504 (1) (277 SE2d 47) (1981); *Henderson v. State*, 234 Ga. 827 (2) (218 SE2d 612) (1975). Therefore, we find that under these facts and circumstances "there was not even 'slight evidence' of this crime in

this case, and the trial court correctly refused to so charge. [Cits.]" *Gillespie v. State*, 236 Ga. 845, 847 (225 SE2d 296) (1976).

2). In the remaining enumeration Denson's counsel suggests that the verdict is contrary to law, contrary to the evidence, and strongly against the weight of the evidence. This argument is clearly without merit. Based on the evidence a rational trier of fact could have found the shooting was not accidental, and that appellant was guilty of murder beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3). In response to being served with his counsel's motion to withdraw from this case, the appellant filed a brief with this court. Our review of the brief shows that it raises no additional arguably meritorious issues. Instead, although they are less than clear, appellant's arguments appear to center on the credibility of witnesses and the sufficiency of the evidence, the latter mainly through factual allegations which are not part of the record and which therefore will not be reviewed by this court.

4). As required by Anders v. California, supra, 386 U. S. 738, we have examined the entire record in this case, and have unearthed one arguable ground of appeal not addressed by appellant or his counsel. Our inspection of the jury instructions reveals that the court delivered a deadly weapons charge which was similar to the instruction we disapproved in *Hosch v. State*, 246 Ga. 417 (3) (271 SE2d 817) (1980). Accord *Wilson v. Jones*, 251 Ga. 23 (1) (302 SE2d 546) (1983). The court instructed that, "Now, I charge you that the law presumes a person intends to accomplish the natural and probable consequences of his act. If a person uses a deadly weapon or instrumentality in the manner in which such weapon or instrumentality is ordinarily employed to produce death and thereby causes the death of a human being, the law presumes the intent to kill. This presumption may be rebutted."

We repeat the admonition we so recently pronounced in *Wilson*: "We have in the past disapproved, and do now disapprove, the use of the phrase 'the law presumes' in the deadly weapon charge, and have approved instead a charge authorizing the jury to 'infer the intent to kill' from the intentional and unjustified use of a deadly weapon." Id. at 23. However, as we did in *Wilson*, we find that "[i]n the context with the court's instructions on the presumption of innocence and reasonable doubt; that the burden of proving criminal intent as an element of the crime of murder was upon the state; that the accused will not be presumed to act with criminal intent but that the jury might find criminal intent from all relevant circumstances; and that the question of criminal intent rested finally with the jury, the charge did not suggest to a reasonable juror that the defendant was required to disprove criminal intent, nor did it remove from the state its bur-

den of proving criminal intent beyond a reasonable doubt. *Hosch v. State*, supra." *Wilson*, supra, 251 Ga. at 24.

We conclude that there are no meritorious grounds for appeal and that an appeal in this case would be frivolous, and we thus find that the requirements of Anders v. California have been met. Counsel is granted permission to withdraw from the case, and the appeal is hereby dismissed.

*Appeal dismissed. All the Justices concur, except Gregory and Weltner, JJ., who would deny the Anders motion and affirm.*

### DECIDED JUNE 20, 1984.

*Larry B. Mims,* for appellant.

*Thomas H. Pittman, District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr.,* for appellee.