40797. BRENNON v. THE STATE.
(319 SE2d 841)

BELL, Justice.

On January 12, 1983, Georgia Bureau of Investigation (GBI) agents attempted to serve search and arrest warrants on appellant Walter Brennon at his home. Although Brennon was not there, he voluntarily returned home when his wife notified him of the situation. Brennon arrived home about 2:30 p.m., and as he walked toward his house, GBI Special Agent Frank Ellerbe identified himself as an agent and arrested Brennon.

Thereafter, several agents conducted a search of Brennon's home, and when the agents asked Brennon to help locate the contraband, he responded, "It's like an Easter Egg hunt. I hide it and you find it . . . if it's here, you find it." The agents had not handcuffed or confined Brennon during their search since he had shown no resistance to arrest and the agents hoped he would provide additional information. However, at about 4:40 p.m. Brennon stabbed Ellerbe four times with a butcher knife while Ellerbe sat in the kitchen organizing and processing the contraband evidence. GBI Special Agent Ronald Rohlfs testified that he was sitting next to Ellerbe in the kitchen. He said that before the stabbing Brennon was first in the den, and then in the living room area talking to a law enforcement officer. He said that he did not see Brennon walk from the living room to the kitchen, but that the next time he saw Brennon was when he was standing behind Ellerbe stabbing him.

Testimony established that between the time of his arrest and the stabbing, Brennon displayed no anger or violence. GBI Special Agent Coursey testified that when he asked Brennon his reasons for stabbing Ellerbe, Brennon said that "he didn't care, he wanted to die,

he was going to jail and it didn't make any difference to him anyway."
According to the testimony of an investigator who took a statement
from Brennon, Brennon told him that he was not mistreated by and
did not argue with the agents prior to the stabbing. An agent on the
scene corroborated this information. At trial, however, Brennon testi-
fied that he and Ellerbe had shot pool together, and that he thought
they had become friends, and that he was angry when he discovered
that Ellerbe was an undercover agent. He also testified that he was
angry because sometime prior to the stabbing Ellerbe told him that
he would be jailed for 100 years and lose his home and family. Bren-
non testified that as a result of that anger he stabbed Ellerbe. Bren-
non was found guilty of the felony murder of Ellerbe and of the pos-
session of marijuana. He received a life sentence, and now appeals.
We affirm.

1. Brennon's sole enumeration of error is that the trial court
erred in failing to give his requested charge on voluntary manslaugh-
ter. We find no error.

A voluntary manslaughter charge is warranted only if there is evi-
dence that the defendant "act[ed] solely as the result of a sudden,
violent, and irresistible passion resulting from serious provocation
sufficient to excite such passion in a reasonable person . . . ." OCGA
§ 16-5-2; *Veal v. State*, 250 Ga. 384 (1) (297 SE2d 485) (1982); *Wash-
ington v. State*, 249 Ga. 728 (3) (292 SE2d 836) (1982). Under the
circumstances of this case, neither the drug arrest, Brennon's realiza-
tion that Ellerbe was an undercover agent, nor Ellerbe's remarks
about the length of punishment amount to "serious provocation" suf-
ficient to excite a "sudden, violent, and irresistible passion" in a rea-
sonable person. See *Perez v. State*, 249 Ga. 767 (1) (294 SE2d 498)
(1982); *Denson v. State*, 253 Ga. 93 (316 SE2d 469) (1984). Therefore,
"[t]he evidence here does not show sufficient 'serious provocation' to
require a charge on voluntary manslaughter." *Perez v. State*, supra,
249 Ga. at 768.

2. Although Brennon does not challenge the sufficiency of the evi-
dence on appeal, we find that after viewing the evidence in the light
most favorable to the prosecution, any rational trier of fact could find
the elements of the crime beyond a reasonable doubt. Jackson v. Vir-
ginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 6, 1984.

*Randall M. Clark,* for appellant.
*Dupont K. Cheney, District Attorney, Claude M. Kicklighter,
Jr., Assistant District Attorney, Michael J. Bowers, Attorney Gen-*

*eral, Dennis R. Dunn,* for appellee.