## 69006. REESE v. THE STATE.
(326 SE2d 539)

BIRDSONG, Presiding Judge.

Curtis Reese was convicted of selling marijuana in violation of the Controlled Substances Act. He was sentenced to ten years with two to serve and eight on probation, the probation accompanied by a $4,000 fine and other conditions. Reese brings this appeal enumerating six alleged errors. *Held*:

We have carefully examined the alleged errors within the context of the trial proceedings and find no prejudicial error.

1. There was no error in allowing a police officer to testify as to certain remarks relayed by the accomplice and allegedly made by Reese. The undercover officer had testified that he had in his possession approximately $4,000 to be used as purchase money for ten pounds of marijuana. After the accomplice had conferred with Reese about the purchase, Reese reportedly refused to sell the entire ten pounds at one time and required the purchaser to buy one pound for $380. After inspection, the purchaser could obtain the remaining amount. Reese's instructions were admissible as original evidence to explain why the officer only purchased one pound for $380 when the evidence otherwise showed a $4,000 purchase of ten pounds was originally intended. See *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482); *Goodman v. State*, 167 Ga. App. 378 (306 SE2d 417).

2. The trial court did not prejudicially err in failing to charge on the limited purpose of the evidence of Reese's comments or the officer's conduct. Substantially similar evidence was admitted from other sources, thus rendering the alleged hearsay comments both cumulative and harmless. *Gaskins v. State*, 250 Ga. 386, 389 (297 SE2d 729). See *Teague v. State*, 252 Ga. 534 (314 SE2d 910).

3. There was sufficient identifying and connecting evidence of the marijuana confiscated with that tested by the lab technician to withstand an objection of break in custody. The burden of the State to show with reasonable certainty that the evidence examined is the same as that seized and that there had been no tampering or substitution, was satisfactorily met. Any remaining question simply went to the weight and effect of the evidence. *Phillips v. State*, 167 Ga. App.

260, 263 (305 SE2d 918). Where there is only a bare speculation of tampering, the evidence should be admitted for the jury's consideration. *Edwards v. State*, 164 Ga. App. 663 (297 SE2d 105).

4. There was no error in allowing a satchel containing $4,749 recovered from Reese's trailer. This satchel was identified as being the one that contained identifiable purchase money and was seized as a part of the arrest of Reese. See *Jimerson v. State*, 163 Ga. App. 54 (293 SE2d 513); *State v. Luke*, 232 Ga. 815 (209 SE2d 165).

5. The trial court after clearly stating that the defendant had entered a plea of not guilty which together with the indictment formed the issue to be resolved, inadvertently referred to Reese's "guilty plea." Upon having the mistake called to his attention, the trial court recalled the jury and gave strong, corrective instructions to the effect that the jury was confronted with a "not guilty" plea. This corrective charge rendered harmless any potential prejudice that could have flowed from the court's earlier inadvertent verbal error. *Godbee v. State*, 232 Ga. 259, 263-264 (206 SE2d 432); *Dortch v. State*, 158 Ga. App. 233 (279 SE2d 526).

Neither do we find any error in the court's charge that a sale occurring within the last two years would support the charge. In fact, though the court informed the jury that a charge of a sale within the last two years would satisfy the statute of limitations, the jury was firmly admonished that the jury had to be satisfied beyond reasonable doubt that the sale occurred on the date charged in the indictment. See *Robinson v. State*, 209 Ga. 650 (75 SE2d 9); *Carpenter v. State*, 167 Ga. App. 634, 642 (307 SE2d 19).

6. The trial court was authorized to impose a fine as a condition of the probated portion of the sentence. The fact that a part of the sentence included confinement for a felony conviction does not preclude the trial court in a split sentence of confinement and probation from assessing a fine as a part of the probated sentence. *Wright v. State*, 154 Ga. App. 400 (268 SE2d 378). See also *Printup v. State*, 159 Ga. App. 574 (284 SE2d 82).

*Judgment affirmed. Beasley, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JANUARY 25, 1985.

*Donald L. Lamberth*, for appellant.
*John R. Parks, District Attorney*, for appellee.