71412. GILBERT v. THE STATE.
(336 SE2d 828)

BANKE, Chief Judge.

Victor Allen Gilbert appeals his convictions of rape, aggravated sodomy, aggravated assault, false imprisonment, and burglary.

The victim, an employee of Emory University Development Office, was accosted in the stairway of the university's Administration Building on Labor Day, September 3, 1984, by a man who had about an hour earlier appeared in her office inquiring as to the whereabouts of a janitor. Both the main entrance to the building and the entrance to the Development Office were locked at the time. After accosting her on the stairway, the assailant forced the victim back into the Development Office at knifepoint, using a key in his possession to open the door. The victim was then subjected to a long and horrible ordeal, during which the assailant repeatedly and brutally raped and sodomized her, beat her, kicked her, choked her, and cut her in the vaginal area with a knife. Finally, after the assailant had left, re-

turned, and left again several times, the victim was able to find a phone which had not been disconnected and call the University's security office. A police officer who arrived on the scene in response to the call testified that the victim was bleeding from the face and suffering from bruises on her chest and neck. Although the defendant denied having been at the scene, he was positively identified by the victim as having been her assailant.

The defendant had been employed as a custodian at the University from August of 1983 until July of 1984. At the time his employment was terminated, he was working in the building in which the offenses occurred and had access to keys to both its exterior and interior doors. A master key, which did not belong to the victim, was found at the scene of the attack. The defendant was arrested three days later at the residence of his girl friend. A tape recorder and dictating machine, which were identified as having been taken from another office located on the same floor as the victim's, were recovered from the residence. The girl friend testified that the defendant had asked her to keep these items for him. A fingerprint lifted from a potato chip bag found lying on a desk near the location where the recorder and dictaphone had been taken was identified as being the defendant's. *Held*:

1. Gilbert contends that the evidence is insufficient to support a conviction of burglary as charged in the indictment. The indictment alleged an unauthorized entry of the building with intent to commit the felony of rape. Suffice it to say that the evidence was amply sufficient to enable any rational trier of fact to find the defendant guilty of this offense beyond a reasonable doubt. Accord *Kinney v. State*, 155 Ga. App. 95 (1) (270 SE2d 209) (1980). See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Brennon v. State*, 253 Ga. 240 (2) (319 SE2d 841) (1984).

2. The defendant contends the trial court erred in denying his motion for a directed verdict of acquittal as to the offenses of false imprisonment and aggravated assault on the ground that these offenses merged with the offenses of rape and aggravated sodomy. The evidence shows that the victim was cut with the knife in the vaginal area during a hiatus in the numerous sexual assaults committed upon her. The jury was authorized to consider this a separate and distinct offense, and the trial court did not err in concluding that it did not merge with the rape and the aggravated sodomy offenses. See generally *Evans v. State*, 173 Ga. App. 655 (2) (327 SE2d 784) (1985).

Regarding the false imprisonment conviction, the evidence shows that after the victim had already been raped, forcibly sodomized, assaulted with the knife, and brutally beaten, the defendant instructed her, on more than one occasion, to lie on the floor motionless, under threat of being even more violently assaulted, following which he left

the room for a period of time and returned. The victim testified that the defendant had referred to these interludes as "tests." Under these circumstances, it cannot be said that the state "used up" the evidence establishing false imprisonment in proving the charges of rape and aggravated sodomy. See *Haynes v. State*, 249 Ga. 119 (2) (288 SE2d 185) (1982). See generally OCGA §§ 16-5-41, 16-6-1, 16-6-2 (a). Each offense was established by proof of separate and distinct facts, and the trial court consequently did not err in refusing to grant a directed verdict of acquittal with respect to any of the charges in the indictment. Accord *Strozier v. State*, 171 Ga. App. 703 (4) (320 SE2d 764) (1984).

3. During a recess in the trial, the defendant was escorted from the courtroom by several police officers in the presence of some of the jurors and handcuffed in the hallway outside. He contends on appeal that the trial court erred in denying his subsequent motion for mistrial.

Following the incident in question, the trial court questioned the jurors and ascertained that none of them had observed or heard anything which would influence his or her decision in the case. Moreover, no ruling was ever made on the motion for mistrial. It follows that no reversible error has been established. See *Morgan v. State*, 161 Ga. App. 484 (6) (287 SE2d 739) (1982); *Carter v. State*, 155 Ga. App. 840 (1) (273 SE2d 417) (1980). See also *Dover v. State*, 250 Ga. 209 (4) (296 SE2d 710) (1982); *Thompson v. State*, 168 Ga. App. 734 (3) (310 SE2d 725) (1983).

4. The defendant contends the trial court erred in refusing to charge the jury, upon request, that in order to support a conviction, "fingerprints corresponding to those of the accused must have been found in the place where the crime was committed, under circumstances that they could only have been impressed at the time when the crime was committed." The language contained in the requested charge is a correct statement of the law with regard to a case in which the state's evidence consists *solely* of a defendant's fingerprints having been discovered at the crime scene. See *Brown v. State*, 133 Ga. App. 56 (4) (209 SE2d 721) (1974); *Miller v. State*, 122 Ga. App. 553 (1) (177 SE2d 838) (1970); *Anthony v. State*, 85 Ga. App. 119 (68 SE2d 150) (1951). The present case clearly does not fall into that category. Accordingly, the requested charge was not appropriate, and the trial court did not err in refusing to give it. Accord *Paxton v. State*, 159 Ga. App. 175 (4) (282 SE2d 912) (1981).

5. The defendant contends the trial court erred in charging the jury that "recent possession of goods taken in a burglary without a reasonable explanation thereof will authorize an inference that the defendant was the perpetrator of said burglary," since the indictment charged him with entering the building with intent to commit rape

rather than theft. However, at the conclusion of the charge, the trial court gave a corrective charge, at defense counsel's request, to the effect that the issue of recent possession should not be considered in connection with the burglary offense and that the defendant was not accused of entering the building with the intent to steal anything, but rather with the intent to commit rape. Also, the court had previously defined the offense of burglary as entering or remaining within a building or part of a building with intent to commit rape. Under the circumstances, we hold that the corrective charge rendered harmless any possible error resulting from the charge pertaining to recent possession. See *Reese v. State*, 173 Ga. App. 340 (5) (326 SE2d 539) (1985); *Dortch v. State*, 158 Ga. App. 233 (1) (279 SE2d 526) (1981).

6. During its deliberations, the following question was submitted by the jury: "Is it necessary for the defendant to have left the building and re-entered between the first encounter with the victim and the alleged rape for the proof of burglary with intent to rape to have occurred, or is it sufficient to have left the Office of Development and re-entered that office with intent to rape?" The defendant contends that the trial court erred in charging the jury, in response to this request, that he could be convicted of burglary upon a finding that he had *remained* in the building with intent to rape. This contention is without merit. A defendant who is charged with burglary by an unauthorized entry into a building, with intent to commit a felony therein, may be convicted on proof either that he committed an unauthorized entry or that he remained in the building with the intent to commit that felony. Accord *Riley v. State*, 130 Ga. App. 181 (202 SE2d 533) (1973). See also OCGA § 16-7-1; *Dixon v. State*, 165 Ga. App. 133 (2) (299 SE2d 608) (1983).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 25, 1985.

*Alden W. Snead*, for appellant.
*Robert E. Wilson, District Attorney, Nelly F. Withers, Assistant District Attorney*, for appellee.